■ In the Matter of COUNTY OF BROOME, Respondent, v ROBERT M. ERONIMOUS et al., Constituting the Board of Assessment and Review of the City of Binghamton, Appellants. (And Another Related Proceeding.) — Appeal from a judgment of the Supreme Court at Special Term, entered June 11, 1980 in Broome County, which granted petitioner's application, in proceedings pursuant to article 7 of the Real Property Tax Law, to declare the Broome County Veteran's Memorial Arena totally tax exempt. The County of Broome brought these proceedings pursuant to article 7 of the Real Property Tax Law to challenge assessments for the years 1977 and 1979 asserting that its Veteran's Memorial Arena located in the City of Binghamton was wholly exempt from taxation. Special Term granted summary judgment in favor of petitioner, declared the assessments for the years 1977 and 1979 invalid and declared the property to be totally tax exempt for the years in question. Special Term found that the property at issue was held by the county for a public use within the meaning of subdivision 1 of section 406 of the Real Property Tax Law and that the use made of certain portions thereof did not

---

sustain the conclusion of the city that it was not entirely exempt from taxation. The judgment should be affirmed on the merits for the reasons set forth in the decision of Mr. Justice Zeller at Special Term. Upon this appeal, respondents attempt to raise for the first time the question of whether or not the county waived its right to contest the legality of the assessments. The facts supporting the contention of a waiver were before Special Term but the city did not raise it as an issue and it is therefore waived *(Glow-Brite Elec. Serv. Corp. v Frocol Rest. Corp.,* 56 AD2d 909, mot for lv to app den 42 NY2d 807). Judgment affirmed, with costs. Sweeney, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.