■ Douglas E. Lee, Appellant, v State of New York, Respondent. (Claim No. 70534.)—Casey, J.

Claimant's pleadings indicate that his cause of action for false imprisonment accrued between May 9, 1984 and June 30, 1984. Claimant's notice of intention was filed on October 25, 1984. The claim was properly dismissed by the Court of Claims for claimant's failure to file it within 90 days of accrual as required by Court of Claims Act §§ 10 and 11 (see,

*Matter of Welch v State of New York,* 71 AD2d 494, *lv denied* 50 NY2d 802).

As to claimant's motion seeking permission to file a late claim, claimant, *pro se,* has failed to address the several factors set forth in Court of Claims Act § 10 (6). The Court of Claims, therefore, properly exercised its discretion in denying claimant's motion for permission to file a late claim.

On his motion for reargument, claimant contended that the Court of Claims had overlooked his prior June 4, 1984 timely notice of intention relating to his claim. The court denied reargument for the failure of the June 4, 1984 notice to allege facts sufficient to set forth a cause of action for false imprisonment which was the basis of the claim and, therefore, held that the filing of the June 4, 1984 notice of intention did not save the claim filed October 25 that the court dismissed as untimely. Assuming, arguendo, that claimant's motion was in the nature of renewal and thus appealable, we agree with the decision of the Court of Claims in denying the motion.

Orders affirmed, without costs. Main, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.