■  PETER N. KITONYI et al., Appellants, v ALBANY COUNTY, Respondent.—Mikoll, J. Appeal from an order of the Supreme Court (Conway, J.), entered May 13, 1986 in Albany County, which granted defendant's motion to dismiss the complaint for failure to timely file a notice of claim and for failure to timely commence the action.

Plaintiffs served a notice of claim upon defendant on September 28, 1985 claiming that the preparation and recording of a report by defendant's Department of Social Services in July 1982, charging plaintiff Peter N. Kitonyi with child abuse or neglect, caused his inability to procure employment in his field and concomitant physical and emotional distress. Plaintiffs thereafter commenced an action on January 21, 1986 on the facts alleged in the notice of claim. Defendant moved to dismiss on the grounds that the notice of claim was untimely (General Municipal Law § 50-e) and the action itself was not timely commenced within the Statute of Limitations (General Municipal Law § 50-i). Supreme Court granted defendant's motion on both grounds and dismissed plaintiffs' complaint.

It is agreed that the report on which plaintiffs base their cause of action was made and filed in July 1982. The notice of claim was filed some three years later and the action commenced thereafter. On appeal, plaintiffs contend that the time limits of General Municipal Law §§ 50-e and 50-i should be considered to have been tolled during the time that plaintiffs were not aware of the actions of the Department of Social Services which had prepared the report. Plaintiffs contend that their first awareness of the possible existence of the report came in March 1985. Relying on *Kelly v City of Rochester* (98 Misc 2d 435), plaintiffs urge this court to apply a discovery accrual rule and contend that their claims did not accrue until they were formally made aware of what had been done. Plaintiffs received a letter of expungement on July 1, 1985 and served their notice of claim within 90 days of its receipt.

The issue here is whether a discovery accrual rule can be applied to the facts of the instant dispute. We note that plaintiffs' authority lends them little legal or factual support. *Kelly (supra)* involved a case of a plaintiff being misled by a governmental agency. In contrast, here we have no allegation that defendant or its Department of Social Services misled plaintiffs when plaintiffs inquired about the report in March 1985.

After *Kelly (supra),* the Court of Appeals stated that for the

purposes of General Municipal Law § 50-i, the limitation period begins to run upon the happening of the event, irrespective of when the action may technically accrue *(Klein v City of Yonkers,* 53 NY2d 1011, 1013; *see, Doyle v 800, Inc.,* 72 AD2d 761). Discovery accrual is not the norm; rather, it is an exception recognized for particular types of actions *(see,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C203:1, at 111-114; McLaughlin, 1986 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C203:1 [1987 Pocket Part], at 57). We hold that plaintiffs have not established their entitlement to a deviation from the principles espoused in *Klein v City of Yonkers (supra)* and *Doyle v 800, Inc. (supra).*

We further note that even if we were predisposed to apply a discovery accrual rule, plaintiffs' notice of claim was still untimely in that plaintiff Peter Kitonyi was aware of the report in March 1985 and knew that it involved an allegation of child abuse. His notice of claim, filed September 28, 1985, did not comply with the 90-day limit of General Municipal Law § 50-e.

Finally, we hold that plaintiffs' belated contention of equitable estoppel cannot be considered by this court in that it was not raised below *(see, e.g., Matter of County of Broome v Eronimous,* 81 AD2d 984, 985).

Order affirmed, with costs. Kane, J. P., Casey, Mikoll, Levine and Harvey, JJ., concur.