■ DONALD LEON, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent.—Orders, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about January 27, 1989 and May 5, 1989, which denied petitioner's motion to file a late notice of claim and denied his motion to reargue and renew, respectively, unanimously affirmed, without costs.

Petitioner was hired as a provisional employee of the Housing Authority in May 1985 and attained civil service status in March 1986. He asserts that on both occasions he completed membership applications for the New York City Employees' Retirement System. However, Housing Authority records indicate he became a member of the Retirement System only by automatic operation of its rules, upon the six-month anniversary of his civil service employment, in September 1986. Prior thereto, in July 1986, petitioner had an accident on the job which allegedly resulted in disabling injuries. His application for accidental disability retirement was denied by the Retirement System in December 1987 on the ground that, at the time of the accident, he was not a member of the system. Approximately eight months later, petitioner filed a notice of claim against the Housing Authority on the theory of negligent failure to deliver his membership applications to the Retirement System. As claimant admits, he does not know at what point or by whom the membership applications were mishandled. His claim against the Housing Authority is an alternative claim to one which may exist against the Retirement System for negligence in processing the applications.

The cause of action against the Housing Authority accrued no later than September 1986, when the Housing Authority acted to have petitioner automatically become a member of the Retirement System. As of that time, any negligence on the part of the Housing Authority had already occurred; the fact that petitioner may have learned of the existence of the cause of action only at the time of the Retirement System's formal rejection of his pension application does not alter this rule of accrual *(Gilbert Props. v Millstein,* 40 AD2d 100; *Kitonyi v Albany County,* 128 AD2d 1018). Thus, the court was required to deny the motion for leave to file a late notice of claim as the claim had been filed more than one year and 90 days after accrual of the cause of action (General Municipal Law § 50-e; Public Housing Law § 157). We note that had the court had discretion in this matter, the determination that the eight-month delay in filing the notice of claim, after the Retirement System rejected the disability pension application, was prejudicial to the Housing Authority's ability to investigate the claim was sufficient to support denial of the motion under the circumstances of this case *(see, Matter of Gerzel v City of New York,* 117 AD2d 549). Concur—Kupferman, J. P., Asch, Eller-in and Smith, JJ.