■ FREDERICK J. GORMAN, Respondent, v SACHEM CENTRAL SCHOOL DISTRICT et al., Defendants, and VILLAGE OF NORTHPORT et al., Appellants. [648 NYS2d 461] —In an action to recover damages, *inter alia,* for civil rights violations and defamation, the defendants Village of Northport and Board of Trustees of the Village of Northport appeal from an order of the Supreme Court, Suffolk County (Oshrin, J.), dated September 27, 1995, which granted the plaintiff's motion for leave to file a late notice of claim and denied their cross motion to dismiss the complaint insofar as asserted against them.

Ordered that the order is modified, on the law and as an exercise of discretion, by (1) deleting the provision thereof which granted the plaintiff's motion for leave to serve a late notice of claim, and substituting therefor a provision denying the motion and (2) deleting the provision thereof which denied those branches of the appellants' cross motion which were to dismiss the seventh through sixteenth causes of action and substituting therefor a provision granting those branches of the cross motion; as so modified, the order is affirmed, without costs or disbursements, and the seventh through sixteenth causes of action asserted in the complaint are dismissed insofar as asserted against the appellants.

The plaintiff alleges that in or around February 1994, certain of the defendants illegally accessed State computer records to learn that the plaintiff had been arrested for rape in 1971. A short time later the plaintiff, who is active in local civic organizations, learned that a rumor was circulating to the effect that he had been convicted of rape. In January of 1995, the plaintiff moved to serve a late notice of claim. The appellants, the Village of Northport and its Board of Trustees, crossmoved to dismiss the complaint which the plaintiff served after filing his motion papers.

The plaintiff's first through sixth causes of action allege various Federal civil rights violations, which are not subject to the notice of claim requirements of General Municipal Law § 50-i (*see, Felder v Casey,* 487 US 131). The plaintiff's motion with regard to those causes of action should have been denied as unnecessary.

The remaining causes of action seek damages for various torts and wrongful acts under State law, and are therefore subject to notice of claim requirements (*see,* CPLR 9802; General Municipal Law §§ 50-e, 50-i; *Solow v Liebman,* 175 AD2d 867). In granting the plaintiff's application for leave to serve a late notice of claim (*see,* General Municipal Law § 50-e [5]), the Supreme Court concluded that the claim accrued on October 17, 1994, when the plaintiff claims that he first learned the identity of the alleged wrongdoers. The court calculated that the notice of claim, which was served on or around January 19, 1995, was at most three days late.

As the appellants contend, however, that the plaintiff's claim accrued at the time of the alleged wrongful act, which the plaintiff concedes was no later than March of 1994 (*see, Leon v New York City Hous. Auth.,* 157 AD2d 628; *Kitonyi v Albany County,* 128 AD2d 1018). Assuming that he did not learn the identity of the wrongdoers until October 1994, the plaintiff has not offered a reasonable excuse for his failure to take legal action until January 1995. Moreover, we find no support for the plaintiff's contention that the appellants had actual notice of the essential facts on which the claim is based (*see, Matter of Tricomi v New York City Hous. Auth.,* 191 AD2d 447; *Pavone v City of New York,* 170 AD2d 493). Given the change in personnel on the Village Board of Trustees and the time which lapsed between the alleged incident and the service of the notice of claim, the appellants have demonstrated that they would be unduly prejudiced in defending the claim on the merits (*see, Matter of D'Anjou v New York City Health & Hosps. Corp.,* 196 AD2d 818). We therefore conclude that it was an improvident exercise of the court's discretion to grant the plaintiff's application for leave to serve a late notice of claim with regard to the seventh through sixteenth causes of action *(see, Matter of D'Anjou v New York City Health & Hosps. Corp., supra; Matter of Tricomi v New York City Hous. Auth., supra; Pavone v City of New York, supra).*

In light of our determination with regard to the plaintiff's motion for leave to serve a late notice of claim, the appellants' cross motion to dismiss the complaint is granted with regard to the seventh through sixteenth causes of action (*see,* General

Municipal Law § 50-i). Copertino, J. P., Goldstein, McGinity and Luciano, JJ., concur.