OPINION OF THE COURT
James P. King, J.
Motion by defendant for an order of dismissal. Among other issues, this motion raises the question of whether a cause of action for "wrongful confinement” within a prison setting is an intentional tort subject to the one-year time limitation of Court of Claims Act § 10 (3-b).
Claimant alleges that officials of the Coxsackie Correctional Facility wrongfully confined him to his cell from August 16 to September 1,1994 in retaliation for his having used the inmate grievance procedure to complain about inadequacies of the Coxsackie Correctional Facility inmate law library and having encouraged another inmate to take similar steps. Claimant was charged with violating the rule prohibiting an inmate from organizing others to take actions detrimental to the facility and for refusing to accept a program. A disciplinary hearing was timely commenced but was dismissed rather than completed. Claimant was not notified that the charges against him had been dismissed, nor was he released from confinement, until three days later when he inquired about his status.
The charges against claimant were filed and he was placed in confinement on August 16, 1994; they were dismissed on August 29, 1994; and claimant was released from confinement on September 1, 1994. His notice of intention to file a claim was filed with the court and served on the Attorney-General on November 28, 1994, and the claim was subsequently filed *679 and served on November 30, 1995 and December 4, 1995, respectively. In its answer, the State set forth the following affirmative defense: "Claimant served neither a notice of intention nor the claim on the State within ninety (90) days of the claim’s alleged accrual, as required by Court of Claims Act § 10 (3). The Court, therefore, lacks personal jurisdiction over the State and subject matter jurisdiction over the claim.” These statements raise the affirmative defense of untimeliness with sufficient particularity to meet the requirement of Court of Claims Act § 11 (c) (see, Fowles v State of New York, 152 Misc 2d 837; Garcia v State of New York, Ct Cl, Sept. 24,1993, Benza, J., claim No. 84965, motion No. M-48313, opn, at 4). Defendant now moves for dismissal of the claim on this ground.
Defense counsel’s interpretation of this action is that it is a claim for negligence (as shown by the reference to Court of Claims Act § 10 [3]) and that it accrued on August 16, 1994, the date of claimant’s initial confinement. Counsel apparently chose this date, rather than the date of release, because claimant referred to August 16 as the date of accrual in both his notice of intention and his claim. If the claim accrued on August 16, the November 28 notice of intention would be untimely. Recognizing, however, that the claim could also be construed as one for wrongful confinement, or false imprisonment, which would have accrued on September 1, 1994, counsel points out that false imprisonment is an intentional tort governed by CPLR 215 and that, pursuant to Court of Claims Act § 10 (3-b), claims based on the intentional torts of State employees must be filed and served within a year after accrual of the claim. The claim in this action was neither filed nor served by September 1, 1995.
Claimant’s allegations that correction officers conspired against him and had improper motives for instituting disciplinary charges against him do not state a viable cause of action for which money damages can be recovered in this court. These alleged wrongful acts involve the exercise of discretion and quasi-judicial power, and such actions taken by prison officials in bringing disciplinary charges and conducting disciplinary hearings are entitled to absolute immunity (Arteaga v State of New York, 72 NY2d 212). Furthermore, even if such acts could give rise to an action cognizable in this court, the wrongs as *680 serted would be intentional in nature, and the bar of Court of Claims Act § 10 (3-b) would prevent their being asserted.[1]
 The situation is different, however, with respect to the three days of confinement that claimant experienced after the charges against him were dismissed. First, the date on which any wrongful confinement commenced was August 29, 1994, not August 16. The confinement that began August 16 was authorized by the Department of Correctional Services rules and regulations, specifically 7 NYCRR 251-5.1. Once the charges were dismissed, however, claimant was entitled to be returned to the general population, and it was at that point — when his additional confinement continued without legal justification— that his claim first arose (see, Covington v State of New York, Ct Cl, Sept. 14, 1988, McMahon, J., claim No. 74324). There must be an injury before a cause of action accrues (Vigilant Ins. Co. v Housing Auth., 87 NY2d 36, 43; McDermott v City of New York, 50 NY2d 211; 54 CJS, Limitations of Actions, § 168), and, in addition, "all of the facts necessary to the cause of action” must have occurred before a party is entitled to relief (Aetna Life & Cas. Co. v Nelson, 67 NY2d 169, 175). Here the relevant facts could not be known and the extent of the injury could not be ascertained until claimant’s release on September 1. November 28, 1994, the date on which the notice of intention was filed and served, is within 90 days of this date.
This, of course, brings up defendant’s second argument regarding timeliness: whether a claim for wrongful confinement is an intentional tort and therefore must be filed within one year of the claim’s accrual (Court of Claims Act § 10 [3-b]). If the cause of action arising from claimant’s confinement between August 29 and September 1 is considered to be an "intentional tort”, it would be subject to this one-year time limitation and if it is considered to be an action for false imprisonment, it would be subject to the one-year Statute of Limitations contained in CPLR 215.[2] The latter date is important because the tolling of the Statute of Limitations *681 cuts off a claimant’s opportunity to move for permission to file a late claim (Court of Claims Act § 10 [6]) or to have the notice of intention deemed a claim (Court of Claims Act § 10 [8] [a]).
The time limitation contained in Court of Claims Act § 10 (3-b) applies to claims "to recover damages for injuries to property or for personal injuries caused by the intentional tort of an officer or employee of the state”. CPLR 215 (3), in contrast, does not refer to the category of "intentional” torts but, rather, lists specific causes of action that are generally considered to be intentional torts, that are subject to its one-year Statute of Limitations. These include assault, battery, false imprisonment, malicious prosecution, libel, and slander. Several courts have held that all intentional torts, whether or not they are specifically named in the statute, are subject to this statute (see, Gallagher v Directors Guild, 144 AD2d 261; Okure v Owens, 816 F2d 45, 49), and commentators have acknowledged, however, that the line between these specified torts and those considered to be unintentional, and thus governed by the three-year provision of CPLR 214, "is not always easy to draw” (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C215:3, at 645).
The' issue presented here is whether the tort of "wrongful confinement” of prison inmates is an intentional tort, for purposes of Court of Claims Act § 10 (3-b) and/or whether it is an action for "false imprisonment”, making it subject to CPLR 215 (3). In determining the nature of a cause of action for purposes of applying the correct Statute of Limitations (or, by analogy, the applicable time limitations in the Court of Claims Act), a court is to " ' "look for the reality, and the essence of the action and not its mere name” ’ ” (Ramsay v Bassett Hosp., 113 AD2d 149, 151, quoting Brick v Cohn-Hall-Marx Co., 276 NY 259, 264).
When inmates are confined pending a disciplinary hearing, the hearing must commence within 7 days and be completed within 14 days after issuance of the misbehavior report, unless further delay is authorized by the Commissioner or his designee (7 NYCRR 251-5.1) or by some other provision (see, e.g., 7 NYCRR 251-1.6, 253.7 [a] [iii]). When a prison inmate is subjected to confinement without statutory or regulatory authorization, the confinement is wrongful, and the inmate may sue for money damages. In Gittens v State of New York (132 Misc 2d 399), an inmate remained in keeplock for nine days beyond the expiration of an imposed penalty, and the State was held liable. "[A]n inmate’s release from an imposed disciplin *682 ary confinement in keeplock, or otherwise upon the expiration of an ordered penalty, is * * * a purely ministerial act invoking no discretionary authority * * * even allowing for the understandable, occasional lapse of judgment * * * The purported failure to have timely released claimant from keeplock, which might be termed ministerial neglect, vitiates the Rules and Regulations of the Department of Correctional Services and liability may ensue”. (Gittens v State of New York, 132 Misc 2d 399, 406, supra.) Traditionally, this type of "wrongful” or "excessive” confinement has been referred to and considered as a type of false imprisonment (see, e.g., Gayle v State of New York, 135 Misc 2d 570), although other terms have been employed, such as "segregated confinement” or "wrongful excessive confinement” (see, Gittens v State of New York, supra, at 401, 407).
While this tort may legitimately be considered a "species” of false imprisonment (Gittens v State of New York, supra, at 407), it is quite different in one critical respect. While a defendant’s intention to confine the injured party is an essential element of the tort of false imprisonment (supra, at 402; see also, Broughton v State of New York, 37 NY2d 451, 456, cert denied sub nom. Schanbarger v Kellogg, 423 US 929), a correction official’s failure to release a prisoner from no-longer-justified confinement is a violation of the governing rules and regulations whether or not the failure was intentional. Indeed, most of the cases in which there has been recovery for wrongful confinement have involved conduct almost certainly unintentional: unexplained or inadvertent mistakes in counting days (Ruiz v State of New York, Ct Cl, Oct. 1995, Bell, J., claim No. 89392; Cooper v State of New York, Ct Cl, Oct. 1992, Corbett, P. J., claim No. 80844); incorrect interpretation of rules governing when an inmate should be released (Handley v State of New York, Ct Cl, Jan. 1992, Margolis, J., claim No. 77846; Marino v State of New York, Ct Cl, Nov. 1986, Lengyel, J., claim No. 69516); or a too-arbitrary computer program (Raimo v State of New York, Ct Cl, Oct. 1995, Benza, J., claim No. 88271).
It is possible, of course, for there to be situations in which an inmate’s confinement may have been imposed or prolonged intentionally, thus making it an "intentional” tort, but these would be extremely rare. Inquiring into correction officers’ motives in each instance to determine if a claim was timely would be an unnecessary and potentially dangerous step. Litigating actions where the presence or absence of intent on the part of the State’s employees would have jurisdictional implications *683 would be quite unworkable and unwise. Furthermore, if the tort of wrongful confinement is held to be the same as false imprisonment, there will be many more instances in which the one-year Statute of Limitations (CPLR 215) would apply but the one-year limitation found in Court of Claims Act § 10 (3-b) would not (i.e., where the wrongful confinement was caused by an unintentional act). This would bring back the confusion present before Court of Claims Act § 10 (3-b) was enacted (see, n 2).
Because the tort of excessive wrongful confinement within a prison setting is, in critical respects, different from the tort of false imprisonment and does not require intention on the part of the defendant, we hold that neither CPLR 215 nor Court of Claims Act § 10 (3-b) are applicable to such a cause of action. Claimant filed and served his notice of intention within 90 days of September 1,1994 and filed and served his claim within the two-year period required by Court of Claims Act § 10 (3). Consequently, that portion of the claim based on allegations of wrongful confinement from August 29 to September 1, 1994 is not time barred. Defendant’s motion is denied.

. There is a question, of course, whether the statement contained in defendant’s answer, which refers only to Court of Claims Act § 10 (3), would adequately preserve the defense of untimeliness based on noncompliance with Court of Claims Act § 10 (3-b).

. Prior to 1985, when Court of Claims Act § 10 (3-b) was enacted, the two-year time limitation contained in Court of Claims Act § 10 (3) applied to all tort actions against the State, intentional as well as unintentional. For discussions of the discrepancy between that statute and CPLR 215, see Trayer v State of New York (90 AD2d 263) and Wilson v State of New York (117 Misc 2d 608).