■ JERRY CONNER, Appellant, v STATE OF NEW YORK, Respondent. [701 NYS2d 481] —Graffeo, J. Appeal from an order of the Court of Claims (Benza, J.), entered November 18, 1998 which, *inter alia*, granted the State's cross motion to dismiss the claim for lack of personal and subject matter jurisdiction.

This case arises out of the alleged improper detention of claimant, an inmate, as a result of the State's negligence. In March 1988, while claimant was serving a sentence of imprisonment of 2½ to 5 years in connection with an attempted burglary conviction, the underlying indictment was dismissed as the result of a CPL article 440 motion. Claimant alleges that he was unaware of the dismissal and was not released from prison until June 1988, at which time he was paroled. Claimant was later convicted of armed robbery in December 1990 and sentenced to a term of imprisonment of 10 years to life. In September 1993, while serving this sentence, claimant obtained his criminal history report from the Division of Criminal Justice Services and realized that the indictment pertaining to attempted burglary had been dismissed. He obtained a certificate from Supreme Court, Kings County, in February 1994 confirming the dismissal.

A notice of claim was filed by claimant on April 7, 1994 and the State answered, raising untimely notice as an affirmative defense. Thereafter, claimant brought a motion to compel discovery and the State cross-moved for dismissal of the claim on the ground that claimant failed to serve his notice of claim within 90 days of the accrual of his cause of action. The Court of Claims granted the State's motion and dismissed the claim.

Claimant now appeals, primarily contending that the dis-

missal of the action was erroneous because his claim did not accrue until February 1994, when he alleges that he "discovered" the dismissal of his indictment. We disagree. It is axiomatic that the failure to file a notice of claim with the State within 90 days of the accrual of the claim is a fatal jurisdictional defect (*see,* Court of Claims Act § 10 [3]; *Selkirk v State of New York,* 249 AD2d 818, 819; *Ro Jo Lo Partners v State of New York,* 226 AD2d 896). We find no basis for applying a "discovery rule" to this case because such a theory of claim accrual "should not be extended beyond the limited instances provided for by the Legislature" (*Matter of Barresi v State of New York,* 232 AD2d 962, 963; *see, Kitonyi v Albany County,* 128 AD2d 1018, 1018-1019). Notably, claimant has not demonstrated that he attempted to obtain a copy of the decision pertaining to the CPL article 440 motion or that his attorney was unaware of the dismissal of the indictment. Hence, claimant's cause of action accrued at the termination of his parole in December 1990, at which time his damages were reasonably ascertainable (*see, Augat v State of New York,* 244 AD2d 835, *lv denied* 91 NY2d 814; *Ro Jo Lo Partners v State of New York, supra,* at 896). The action was properly dismissed since claimant did not file a notice of claim until April 1994.

Furthermore, as claimant did not raise the issue of equitable estoppel in the Court of Claims, it has not been preserved for our review (*see, Charbonneau v State of New York,* 178 AD2d 815, 816, *affd sub nom. Dreger v New York State Thruway Auth.,* 81 NY2d 721; *Kitonyi v Albany County, supra,* at 1019). We have considered claimant's remaining contentions and find them to be without merit.

Peters, J. P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.