■ VERNON ADDERLEY, Appellant, v STATE OF NEW YORK, Respondent. [825 NYS2d 384]—

Kane, J. Appeal from an order of the Court of Claims (Hard, J.), entered December 13, 2005, which denied claimant's motion for reinstatement of his claim.

Following dismissal of his claim as jurisdictionally defective for failure to serve the Attorney General with a copy of the claim by certified mail, return receipt requested (see Court of Claims Act § 11 [a] [i]), claimant moved for reinstatement of the claim. In support of such motion, claimant submitted a copy of a certified mail receipt and a return receipt card. The Court of Claims, treating the motion as one to reargue, denied reargument after noting that, in opposing defendant's original motion to dismiss the claim, claimant had, "in essence, acknowledged that he failed to properly serve the Attorney General, by alleging that the Clerk of the Court provided defendant notice of the claim." Claimant appeals.

Although defendant contends that this appeal should be dismissed since no appeal lies from the denial of a motion for reargument (see Matter of James v New York State Bd. of Parole, 15 AD3d 774 [2005]), we view the order of the Court of Claims, which addressed the merits of claimant's motion, as having granted reargument and adhered to its original decision. Accordingly, the order is appealable as of right (see CPLR 5701 [a] [2] [viii]; Grasso v Schenectady County Pub. Lib., 30 AD3d 814, 816 n 1 [2006]).

We affirm. To the extent that claimant's motion could be read as requesting reargument, he failed to demonstrate that the court had "overlooked or misapprehended the relevant facts, or misapplied any controlling principle of law" (Foley v Roche, 68

AD2d 558, 567 [1979]; *see* CPLR 2221 [d] [2]; *Matter of Dambrowski v Dambrowski*, 8 AD3d 913, 914-915 [2004]). Alternatively, viewed as a motion for renewal, claimant's motion was not based upon newly discovered evidence (*see* CPLR 2221 [e] [2]; *Davidson v Ambrozewicz*, 23 AD3d 903 [2005]; *Matter of Ida Q.*, 11 AD3d 785 [2004]). Thus, the court did not err in denying the motion.

Mercure, J.P., Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.