■ Samuel Davis, Appellant, v State of New York et al., Respondents. [933 NYS2d 431]—

Peters, J.

Claimant, a prison inmate, was confined to keeplock for 30 days after being found guilty of violating certain prison disciplinary rules. Thereafter, while claimant's CPLR article 78 proceeding seeking to annul that determination was pending, the determination was administratively reversed. Claimant thereafter made an application to Supreme Court for costs and fees associated with the CPLR article 78 proceeding, as well as for damages incurred by his wrongful confinement. Supreme Court granted claimant's application in part, but denied that portion seeking compensation for wrongful confinement, noting that such a claim is required to be brought in the Court of Claims. Claimant thereafter commenced this claim seeking damages for wrongful confinement. The Court of Claims granted defendants' motion to dismiss the claim as untimely, and claimant appeals.

Pursuant to the Court of Claims Act, a claim or notice of intention to file a claim must be filed and served within 90 days after accrual of the cause of action (*see* Court of Claims Act § 10). The failure to comply with this provision constitutes a jurisdictional defect warranting dismissal of the claim (*see* Court of Claims Act § 10; *Conner v State of New York*, 268 AD2d 706, 707 [2000]; *Lee v State of New York*, 124 AD2d 312, 312 [1986]).

Damages arising from wrongful confinement or false imprisonment, as alleged here, are reasonably ascertainable upon a claimant's release from confinement and, therefore, it is on that date that the claimant's cause of action accrues (*see Conner v State of New York*, 268 AD2d at 707; *Vazquez v State of New York*, 23 Misc 3d 1101[A], 2009 NY Slip Op 50527[U], *2 [2009], *affd* 77 AD3d 1229 [2010]). Here, claimant was released from keeplock on March 22, 2008 and did not initiate this action either by notice of intention to file a claim or by filing and serv-

ing the claim within 90 days of this date. Accordingly, the Court of Claims properly dismissed the claim as untimely (*see Conner v State of New York*, 268 AD2d at 707; *Lee v State of New York*, 124 AD2d at 312; *Frederick v State of New York*, 23 Misc 3d 1008, 1010 [2009]). To the extent that claimant now raises the argument that he should be granted permission to file a late claim, this argument is without merit (*see Vazquez v State of New York*, 2009 NY Slip Op 50527[U], at *3-10; *Frederick v State of New York*, 23 Misc 3d at 1011-1014).

Mercure, J.P., Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.