■ JAMES JOHNSON, Appellant, v STATE OF NEW YORK, Respondent. [944 NYS2d 348]—

McCarthy, J. Appeal from an order of the Court of Claims (Milano, J.), entered March 18, 2010, which denied claimant's motion to renew.

Claimant, a prison inmate, was found guilty of violating certain prison disciplinary rules and was confined in the special housing unit from September 17, 2007 to December 14, 2007. On September 18, 2008, claimant commenced an action seeking monetary damages for his alleged wrongful confinement. Defendant answered, raising timeliness as a defense, and claimant moved for summary judgment or permission to file a late claim pursuant to Court of Claims Act § 10 (6). Defendant opposed the motion and cross-moved to dismiss the claim as untimely. The Court of Claims denied claimant's motion and granted defendant's cross motion. Claimant thereafter moved to renew, and the Court of Claims denied this motion. Claimant now appeals.

We affirm. Claimant appeals only from the order denying his

motion to renew. A motion to renew must be "based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221 [e] [2]; *see Marquis v Washington*, 85 AD3d 1338, 1338 [2011]). Inasmuch as his claim was not brought under 42 USC § 1983, we reject claimant's contention that the United State Supreme Court's decision in *Haywood v Drown* (556 US 729 [2009]) constitutes a change in the law that would impact the Court of Claims' prior determination here (*see Upsher v Ramineni*, 84 AD3d 653, 654 [2011], *lv denied* 17 NY3d 710 [2011]). Further, a claim must be filed and served, or notice of intention to file a claim must be served, within 90 days after the accrual of the action (*see* Court of Claims Act § 10). Contrary to claimant's contention, the Court of Claims relied on a body of law that has not changed in claimant's favor in finding that his wrongful confinement claim accrued on the date he was released from the special housing unit (*see Davis v State of New York*, 89 AD3d 1287, 1287 [2011]; *Conner v State of New York*, 268 AD2d 706, 707 [2000]). Accordingly, we find no abuse of discretion by the Court of Claims in denying claimant's motion to renew and, therefore, the decision will not be disturbed (*see 2 N. St. Corp. v Getty Saugerties Corp.*, 68 AD3d 1392, 1397 [2009], *lv denied* 14 NY3d 706 [2010]). We have considered claimant's remaining arguments and find them to be unavailing.

Peters, P.J., Lahtinen, Spain and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.