■ In the Matter of PAUL KAIRIS, Appellant, v STATE OF NEW YORK, Respondent. [978 NYS2d 462]—

Rose, J.

The applicable statute of limitations for a claim of excessive confinement in the prison disciplinary context depends on whether the claim is predicated on intentional or negligent conduct (see Court of Claims Act § 10 [3], [3-b]; *Ramirez v State of New York*, 171 Misc 2d 677, 680-682 [1997]; cf. *Vazquez v State of New York*, 23 Misc 3d 1101[A], 2009 NY Slip Op 50527[U], *2 n 2 [2009], *affd* 77 AD3d 1229 [2010]). Such a claim accrues "upon a claimant's release from confinement" (*Davis v State of New York*, 89 AD3d 1287, 1287 [2011]).

Here, claimant's contentions regarding his 2007 confinement are untimely under either theory and, even assuming that the cause of action relating to the 2010 confinement is subject to the two-year statute of limitations, the Court of Claims ap-

propriately found that the claim lacks merit due to claimant's failure to allege "that the correctional facility employees responsible for his discipline acted in excess of their authority or in violation of any relevant rules or regulations" (*Loret v State of New York*, 106 AD3d 1159, 1159 [2013], *lv denied* 22 NY3d 852 [2013]; *see Arteaga v State of New York*, 72 NY2d 212, 219 [1988]; *Varela v State of New York*, 283 AD2d 841, 841 [2001]).

Peters, P.J., McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.