■ SYLVESTER BURKS, Appellant, v STATE OF NEW YORK, Respondent. [989 NYS2d 922]—

Rose, J. Appeal from an order of the Court of Claims (Hard, J.), entered June 19, 2013, which denied claimant's application pursuant to Court of Claims Act § 10 (6) for permission to file a late claim.

Claimant was released from prison in October 2004. In February 2013, he moved for leave to file a late claim, alleging that an erroneous calculation by the Department of Corrections and Community Supervision of the maximum expiration date of his sentence had resulted in his wrongful confinement for four additional years. The Court of Claims denied the motion, finding, among other things, that it was time-barred. Claimant appeals.

We affirm. "Pursuant to the Court of Claims Act, a claim or notice of intention to file a claim must be filed and served within 90 days after accrual of the cause of action" (*Davis v State of New York*, 89 AD3d 1287, 1287 [2011] [citation omitted]; *see* Court of Claims Act § 10). Here, claimant's cause of action accrued at the time he was released from prison in October 2004, "at which time his damages were reasonably ascertainable" (*Conner v State of New York*, 268 AD2d 706, 707 [2000]; *see Davis v State of New York*, 89 AD3d at 1287). Claimants may, however, apply for permission to file a late claim "at any time before an action asserting a like claim against a citizen of the state would be barred under the provisions of [CPLR article 2]" (Court of Claims Act § 10 [6]). Here, inasmuch as claimant moved for permission to file a late claim more than eight years after the claim accrued, his motion is time-barred whether he is asserting a cause of action for the intentional tort of false imprisonment (*see* CPLR 215 [3]) or asserting a negligence claim (*see* CPLR 214). Accordingly, the Court of Claims properly denied claimant's motion.

Lahtinen, J.P., McCarthy, Lynch and Devine, JJ., concur. Ordered that the order is affirmed, without costs.