*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 31, 2014                517383
_____

SYLVESTER BURKS,
                    Appellant,

          v                              MEMORANDUM AND ORDER

STATE OF NEW YORK,
                    Respondent.
_____

Calendar Date:  June 5, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Devine, JJ.

                        _____


      Sylvester Burks, Fallsburg, appellant pro se.

      Eric T. Schneiderman, Attorney General, Albany (Robert M.
Goldfarb of counsel), for respondent.

                        _____


Rose, J.

      Appeal from an order of the Court of Claims (Hard, J.),
entered June 19, 2013, which denied claimant's application
pursuant to Court of Claims Act § 10 (6) for permission to file a
late claim.

      Claimant was released from prison in October 2004.  In
February 2013, he moved for leave to file a late claim, alleging
that an erroneous calculation by the Department of Corrections
and Community Supervision of the maximum expiration date of his
sentence had resulted in his wrongful confinement for four
additional years.  The Court of Claims denied the motion,
finding, among other things, that it was time-barred.  Claimant
appeals.

      We affirm.  "Pursuant to the Court of Claims Act, a claim

or notice of intention to file a claim must be filed and served within 90 days after accrual of the cause of action" (Davis v State of New York, 89 AD3d 1287, 1287 [2011] [citation omitted]; see Court of Claims Act § 10). Here, claimant's cause of action accrued at the time he was released from prison in October 2004, "at which time his damages were reasonably ascertainable" (Conner v State of New York, 268 AD2d 706, 707 [2000]; see Davis v State of New York, 89 AD3d at 1287). Claimants may, however, apply for permission to file a late claim "at any time before an action asserting a like claim against a citizen of the state would be barred under provisions of [CPLR article 2]" (Court of Claims Act § 10 [6]). Here, inasmuch as claimant moved for permission to file a late claim more than eight years after the claim accrued, his motion is time-barred whether he is asserting a cause of action for the intentional tort of false imprisonment (see CPLR 215 [3]) or asserting a negligence claim (see CPLR 214). Accordingly, the Court of Claims properly denied claimant's motion.

Lahtinen, J.P., McCarthy, Lynch and Devine, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court