*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 19, 2016                    520731
_____

GENARO CAMPOS,
                    Appellant,

           v                                    MEMORANDUM AND ORDER

STATE OF NEW YORK,
                    Respondent.
_____


Calendar Date:   February 9, 2016

Before:   Peters, P.J., McCarthy, Egan Jr. and Lynch, JJ.


                    _____


        Genaro Campos, Yonkers, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Owen Demuth
of counsel), for respondent.


                    _____


Lynch, J.

        Appeal from an order of the Court of Claims (Weinstein,
J.), entered December 19, 2014, which, among other things,
granted defendant's cross motion to dismiss the claim.

        Claimant, an inmate, spent time in the special housing unit
as a result of prison disciplinary determinations that were
ultimately reversed on administrative appeal and expunged from
his institutional record.  He was released from the special
housing unit on January 11, 2013.  In August 2013 and October
2013, he filed documents purporting to be notices of intention to
file a claim with the Attorney General based upon his unlawful
confinement, but the documents were rejected because they were
not notarized and/or verified.  In November 2013, he filed a
notice of intention to file a claim in proper form with the
Attorney General.  In December 2013, he filed a claim alleging

that defendant committed an intentional tort by unlawfully confining him.  Defendant served an answer raising a number of affirmative defenses, including that the Court of Claims lacked jurisdiction because neither the claim nor the notice of intention to file a claim were timely filed within 90 days of the accrual of the claim in accordance with Court of Claims Act §§ 10 and 11.[1]

Thereafter, claimant moved for summary judgment and the motion was denied by the Court of Claims in June 2014.  Claimant, in turn, moved for "reconsideration" and defendant cross-moved for dismissal of the claim.  Claimant then served a reply seeking permission to file a late claim.  Although the Court of Claims indicated that it was denying claimant's motion for "reconsideration," it proceeded to consider the merits of claimant's arguments, as well as the substance of defendant's cross motion.  It ultimately granted defendant's cross motion and dismissed the claim.  Claimant now appeals.

Defendant contends that claimant's motion for "reconsideration" was actually a motion for reargument and the appeal must therefore be dismissed as no appeal lies from the denial of a motion for reargument.  Initially, although the Court of Claims had before it claimant's motion for "reconsideration," to the extent that it also denied claimant's motion for permission to file a late claim and granted defendant's cross motion to dismiss the claim as untimely, the order is appealable.  Furthermore, inasmuch as the court addressed the merits of claimant's motion for summary judgment, the court, in our view, essentially granted reargument and adhered to its prior decision (see Adderley v State of New York, 35 AD3d 1043, 1043 [2006]).  Consequently, the entire order is appealable.

On his motion for reargument, claimant bore the burden of demonstrating that the Court of Claims "overlooked or misapprehended the relevant facts, or misapplied any controlling principle of law" (Foley v Roche, 68 AD2d 558, 567 [1979]; see

---

[1]  In his reply, claimant included another claim that was essentially the same as the first.

<u>Adderley v State of New York</u>, 35 AD3d at 1043).[2]  Our review of the papers accompanying claimant's motion reveals that he failed to make this showing.  Consequently, the Court of Claims did not err in adhering to its prior decision denying summary judgment.

The order also granted defendant's cross motion and dismissed the claim as untimely.  In <u>Davis v State of New York</u> (89 AD3d 1287, 1287 [2011]), this Court determined that a claim for wrongful confinement accrues upon a claimant's release from the special housing unit (<u>see</u> <u>Conner v State of New York</u>, 268 AD2d 706, 707 [2000]).  The premise underlying this rule is that the "[d]amages arising from wrongful confinement . . . are reasonably ascertainable upon a claimant's release from confinement" (<u>Davis v State of New York</u>, 89 AD3d at 1287). Claimant urges us to redefine the rule, contending that the damages are not reasonably ascertainable until the disciplinary determination is administratively reversed, which in this case occurred on July 22, 2013.  We decline claimant's request and adhere to the rule set forth in <u>Davis</u>, for the nature of the damages incurred are definable upon release from the special housing unit.  Moreover, claimant has not stated a due process claim under 42 USC § 1983 (<u>compare</u> <u>Edwards v Balisok</u>, 520 US 641 [1997]).  Here, claimant did not file either the claim or the notice of intention to file a claim until November 2013 and December 2013, respectively, which was well beyond the 90-day statutory period (<u>see</u> Court of Claims Act § 10 [3-b]; <u>Butler v State of New York</u>, 126 AD3d 1247 [2015]; <u>Johnson v State of New York</u>, 95 AD3d 1455, 1456 [2012]; <u>Davis v State of New York</u>, 89 AD3d at 1287-1288; <u>Lee v State of New York</u>, 124 AD2d 312, 312 [1986]).[3]  In view of this, the Court of Claims properly

---

[2]  We note that, inasmuch as the motion failed to allege new facts or facts that were previously unknown, it is properly characterized as a motion for reargument, rather than one for renewal (<u>see</u> <u>Suarez v State of New York</u>, 193 AD2d 1037, 1037-1038 [1993]).

[3]  Contrary to claimant's contention, we do not find that defendant waived the issue of timeliness given that it was specifically raised as an affirmative defense in the answer in

dismissed the claim as untimely.

The order appealed from also denied claimant permission to file a late claim pursuant to Court of Claims Act § 10 (6). That statute provides that permission to file a late claim may be granted if a motion is made before the expiration of the statute of limitations applicable to an action against a private citizen (see Court of Claims Act § 10 [6]). Here, the Court of Claims treated claimant's reply served in September 2014 as a motion for permission to file a late claim and it was made well after the expiration of the one-year statute of limitations governing the intentional tort of unlawful imprisonment (see CPLR 215 [3]; Burks v State of New York, 119 AD3d 1302, 1303 [2014]). Accordingly, we find no error in the court's denial of permission to file a late claim.

Peters, P.J., McCarthy and Egan Jr., JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court

compliance with Court of Claims Act § 11 (c).