Briggs v State of New York Dept. of Corr. & Community Supervision (2018 NY Slip Op 05385)





Briggs v State of New York Dept. of Corr. & Community Supervision


2018 NY Slip Op 05385


Decided on July 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 19, 2018

524989

[*1]DARRYL BRIGGS, Appellant,
v
STATE OF NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION et al., Respondents.

Calendar Date: June 8, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Clark and Pritzker, JJ.


Darryl Briggs, Troy, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (Frank Brady of counsel), for respondents.



MEMORANDUM AND ORDER
McCarthy, J.P.
Appeal from a judgment of the Court of Claims (DeBow, J.), entered January 3, 2017, which granted defendants' motion to dismiss the claim.
Claimant commenced this claim alleging false arrest, malicious prosecution and unlawful imprisonment based upon his arrest and confinement in connection with a charged parole violation. Defendants moved to dismiss the claim on the grounds of untimeliness and failure to state a cause of action. The Court of Claims granted defendants' motion and this appeal ensued.
The Court of Claims properly dismissed, as untimely, the causes of action sounding in false arrest and unlawful imprisonment. Such actions accrue upon a claimant's release from confinement, not, as urged by claimant here, upon the exhaustion of his administrative remedies in connection with the parole revocation proceedings (see Burks v State of New York, 119 AD3d 1302, 1303 [2014]; Davis v State of New York, 89 AD3d 1287, 1287 [2011]; see also Campos v State of New York, 139 AD3d 1276, 1277 [2016]). Based upon claimant's assertion of illegal confinement for 120 days following his arrest on July 24, 2013, his causes of action accrued on November 21, 2013. Claimant asserts that on July 7, 2014 he served a "Notice of Claim," which defendants treated as a notice of intention to file a claim. That document is not included in the record, so we cannot independently determine its character. In any event, claimant does not [*2]contend that the July 7 document was, itself, a claim. Inasmuch as the claim was not filed or served until June 2, 2016, well beyond the one-year statute of limitations period, the causes of action for false arrest and unlawful imprisonment were untimely (see CPLR 215 [3]; Fleming v Sangster, 148 AD3d 1798, 1798-1799 [2017]; Coleman v Worster, 140 AD3d 1002, 1004 [2016]; see also Court of Claims Act § 10 [3-b]).[FN1]
Further, we find no error in the dismissal of the claim sounding in malicious prosecution. Because claimant did not allege a necessary element of malicious prosecution — specifically, that the parole revocation proceeding terminated in his favor — the claim was properly dismissed for failure to state a cause of action (see Martinez v City of Schenectady, 97 NY2d 78, 84 [2001]; Bayat v Azaz, 12 AD3d 547, 547 [2004]). We have reviewed claimant's remaining contentions and find them to be unpersuasive.
Egan Jr., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: We reject claimant's assertion that his time to file a claim should be extended by the time spent exhausting his administrative remedies for the loss or damage of his personal property (see Court of Claims Act § 10 [9]). He asserts that he possessed a personal property interest in his intangible due process rights, but the statutory provision on which he relies applies to an inmate's loss of or injury to tangible personal property; in any event, claimant has not alleged that he engaged in the inmate personal property claims process of defendant Department of Corrections and Community Supervision (see Court of Claims Act § 10 [9]; 7 NYCRR 1700.6 [a], [c]; 1700.7, 1700.8).