Trammell v State of New York (2019 NY Slip Op 04248)





Trammell v State of New York


2019 NY Slip Op 04248


Decided on May 30, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 30, 2019

527222

[*1]REGINALD TRAMMELL, Respondent,
v
STATE OF NEW YORK, Appellant.

Calendar Date: April 30, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Pritzker, JJ.


Letitia James, Attorney General, Albany (Zainab A. Chaudhry of counsel), for appellant.
Reginald Trammel, Attica, respondent pro se.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from an order of the Court of Claims (Milano, J.), entered October 23, 2017, upon a decision of the court in favor of claimant.
Claimant, a prison inmate, was subject to continuous confinement from December 16, 2012 through December 27, 2013 in connection with a series of overlapping disciplinary hearing determinations that imposed both special housing unit (hereinafter SHU) and keeplock confinements. On January 15, 2014, claimant commenced this action alleging wrongful confinement as a result of the Department of Corrections and Community Supervision miscalculating his release from confinement date [FN1]. Claimant moved for summary judgment and defendant cross-moved for summary judgment, asserting that the wrongful confinement cause of action accrued at the time that claimant's SHU confinement ended on September 27, 2013 and, therefore, the claim was untimely. The Court of Claims denied both the motion and cross motion. Following a trial, the court ruled that claimant proved his claim by a preponderance of the evidence and directed judgment in his favor. Defendant appeals.
We are unpersuaded by defendant's contention that claimant's wrongful confinement claim relates only to his SHU confinement and, because it was not commenced within 90 days of his release from SHU on September 27, 2013, the claim is untimely. A claim for wrongful confinement accrues upon a claimant's release from confinement (see Matter of Kairis v State of New York, 113 AD3d 942, 942 [2014]; Davis v State of New York, 89 AD3d 1287, 1287 [2011]), at which point a claimant must file and serve a claim or notice of intention to file a [*2]claim within 90 days (see Court of Claims Act §§ 10 [3]; 11; Steele v State of New York, 145 AD3d 1363, 1364 [2016]; Davis v State of New York, 89 AD3d at 1287).
To the extent that defendant asserts that the claim does not sufficiently set forth a claim for wrongful confinement to include claimant's time in keeplock, the claim refers to his continuous confinement period of December 16, 2012 through December 27, 2013. The claim sets forth the separate, yet overlapping, disciplinary determinations at issue and the corresponding penalties, both SHU and keeplock, used in calculating his continuous confinement period. Although claimant does not challenge the four months of keeplock penalties imposed, the claim asserts that a miscalculation of the SHU penalties resulted in a miscalculation of his cell keeplock release date and an excessive period of confinement. Apparently, claimant was released from SHU status on September 27, 2013, but thereafter continued to be confined in keeplock until December 27, 2013. Given the continued nature of claimant's confinement, we agree with the Court of Claims that, under these circumstances, there is no basis to split the claim into two causes of action consisting of claimant's confinement in SHU and claimant's confinement in keeplock. Because claimant's continuous confinement did not terminate until December 27, 2013, his claim, which was filed and served on January 15, 2014, is timely.
Garry, P.J., Clark, Mulvey and Devine, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: The claim also included three other unrelated causes of action. Defendant moved to dismiss the claim; the Court of Claims granted the motion to the extent of dismissing the first three causes of action, but denied the motion with regard to the wrongful confinement cause of action.