Patterson v State of New York (2022 NY Slip Op 01353)





Patterson v State of New York


2022 NY Slip Op 01353


Decided on March 3, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 3, 2022

531562
[*1]Bernard Patterson, Appellant,
v
State of New York, Respondent.

Calendar Date:January 5, 2022

Before:Egan Jr., J.P., Lynch, Pritzker and Reynolds Fitzgerald, JJ.

Bernard Patterson, Romulus, appellant pro se.
Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for respondent.



Pritzker, J.
Appeal from an order of the Court of Claims (Schaewe, J.), entered May 15, 2020, which, among other things, granted defendant's cross motion for dismissal of the claim.
Claimant, an incarcerated individual, was confined in the special housing unit (hereinafter SHU) as a result of being found guilty of two charges after a tier III disciplinary hearing. Claimant was released from SHU on October 10, 2018, at which time he administratively appealed the disciplinary determination. The appeal was denied. Then, in December 2018, claimant filed a notice of intention to file a claim against defendant alleging wrongful confinement. Subsequently, claimant filed a petition pursuant to CPLR article 78 to challenge the disciplinary determination. While that petition was pending, on October 17, 2019, the determination was administratively reversed, rendering moot his CPLR article 78 petition. On October 24, 2019, claimant filed a claim against defendant. Following defendant's answer, which raised the affirmative defense that the filing of the claim was untimely, claimant moved for summary judgment. Defendant cross-moved for dismissal of the claim based on its defense that the claim was untimely filed. The Court of Claims, finding that the claim accrued upon claimant's release from confinement on October 10, 2018 and that a one-year statute of limitations applied to his claim, granted defendant's cross motion and dismissed the claim as untimely. Claimant appeals.
Wrongful confinement claims are governed by a one-year statute of limitations (see Court of Claims Act § 10 [3-b]; CPLR 215 [3]; Dawes v State of New York, 167 AD3d 1099, 1100 [2018]).[FN1] Such claims accrue when a claimant is released from the SHU (see Dawes v State of New York, 167 AD3d at 1100; Briggs v State of N.Y. Dept. of Corr. & Community Supervision, 163 AD3d 1306, 1307 [2018], appeal dismissed 32 NY3d 1133 [2019], lv denied 33 NY3d 903 [2019]; Campos v State of New York, 139 AD3d 1276, 1277 [2016]). As the claim was not filed until October 24, 2019, beyond the one-year statute of limitations period, the Court of Claims properly granted defendant's cross motion and dismissed the claim (see Dawes v State of New York, 167 AD3d at 1100; Briggs v State of N.Y. Dept. of Corr. & Community Supervision, 163 AD3d at 1307).
Egan Jr., J.P., Lynch and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Claimant mischaracterizes his claim as one "for negligence and unintentional tort," governed by a two-year statute of limitations (see Court of Claims Act § 10 [3]).