Booker v State of New York (2024 NY Slip Op 51802(U))

[*1]

Booker v State of New York

2024 NY Slip Op 51802(U)

Decided on December 16, 2024

Court Of Claims

Vargas, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 16, 2024
Court of Claims

Amin Booker, Claimant,

against
The State of New York [FN1], Defendant.

Claim No. 142291 

For Claimant:
Amin Booker, Pro Se
For Defendant:
Hon. Letitia James, Attorney General of the State of New York
By: Mariah Niederriter, Esq., Assistant Attorney General

Javier E. Vargas, J.

Papers Considered:
Verified Claim & Exhibits Annexed 1-13
Notice of Motion to Dismiss & Affirmation 14-15
Claimant's Opposition to Motion 16
Upon the foregoing papers and for the following reasons, the Motion by Defendant State of New York (hereinafter "State"), to dismiss the Claim filed by Claimant Amin Booker (hereinafter "claimant"), is granted in accordance with the following decision.
By Claim filed on June 20, 2024, the claimant, an incarcerated individual at a State facility, commenced the instant wrongful confinement action against the State, alleging that he was wrongfully confined in the Special Housing Unit (hereinafter "SHU"), "depriving him of his State statutory rights pursuant to NY Corr. Law § 137, and procedural due process rights [*2]pursuant to 7 NYCRR §§ 250-254; 1010; 1.5; 255.01[b]; 701.5; and Corr. Law § 23" (Claim, at1-2, ¶ 2). Specifically, the claimant alleges that he received a Tier III misbehavior report on March 30, 2022, for violating Department of Corrections and Community Supervision (hereinafter "DOCCS") rules regarding contraband and smuggling (see id. at 2, ¶ 6). The Tier III hearing was commenced on March 31, 2022, and on April 5, 2022, claimant was found guilty of all charges and sentenced to 120 days in the SHU with a corresponding loss of commissary, packages, telephone and tablet privileges (see id. at 4, 5, ¶¶ 14, 19). Claimant alleges that he received a time cut of seven days to be released to the general population on July 20, 2022, however, he was confined until July 25, 2022 without justification (see id. at 7, ¶ 25). He alleges multiple violations of the Humane Alternatives to Long-Term Solitary Confinement Act (HALT), and numerous violations during his Tier III hearing. 
Claimant appealed the April 5, 2022 DOCCS determination to the Appellate Division, Third Department (see id., ¶ 30). However, by letter dated February 14, 2024, the State waived its opportunity to oppose the appeal, and administratively reversed and expunged the disciplinary matter from claimant's disciplinary record (see id.). As a result, the claimant alleges that he was made to suffer due to the State's negligence, and he seeks damages in the amount of $75 per day for 120 days of wrongful confinement (see id. ¶ 32).
Thereafter, by Notice of Motion filed July 18, 2024, the State moves pre-answer to dismiss the Claim, arguing that it was not properly filed and served within 90 days as required by Court of Claims Act §§10(3) and 10(3-b). The State explains that this is a wrongful confinement cause of action, alleging a July 25, 2022 accrual date, and that claimant timely served a notice of intention to file a claim on August 30, 2022, thereby extending the time to file and serve the Claim. However, the State further argues that the applicable statute of limitations period for an intentional tort is one year from the date of accrual as per CPLR 215(3), therefore claimant had until July 25, 2023 to file and serve the Claim. Since the claimant filed the Claim with the Court on June 20, 2024 and served it upon the Attorney General on June 24, 2024, the State affirms that this is beyond the one-year statute of limitations and deprives the Court of jurisdiction over the Claim.
On August 1, 2024, the claimant filed an Opposition to the State's Motion, maintaining that his Claim was timely filed pursuant to Court of Claims Act § 10(3), and that while he is seeking damages as a result of the State's negligence, this is undisputedly a claim for wrongful confinement. He further argues that the State has not presented any evidence to support its position that this is an intentional tort pursuant to CPLR 215(3). He cites Ramirez v State of New York (171 Misc 2d 677 [Ct Cl 1997]), arguing that the Court of Claims has already clarified that a cause of action for wrongful confinement within a prison setting is not intentional or subject to a one-year statute of limitations. This Court disagrees. 
Pursuant to Court of Claims Act § 10(3), a claimant, who seeks to recover damages for property losses or personal injuries caused by the negligence of a State employee, shall file a claim with the Court of Claims within 90 days of its accrual, unless a notice of intention to file a claim is served within that time period, in which event the claim shall be filed and served upon the attorney general within two years. On the other hand, a claimant who seeks to recover damages for the intentional tort of a State employee shall also file a claim within 90 days of its accrual, unless a notice of intention to file a claim is timely served, in which event the claim shall [*3]be filed and served within one year after its accrual (see Court of Claims Act § 10[3-b]).
"The applicable statute of limitations for a claim of excessive confinement in the prison disciplinary context depends on whether the claim is predicated on intentional or negligent conduct" (Matter of Kairis v State of New York, 113 AD3d 942 [3d Dept 2014]; see Ramirez v State of New York, 171 Misc 2d at 680-682]). "A wrongful confinement claim in the prison context can be considered a negligence claim with a three year statute of limitations or an intentional tort with a one year statute of limitations" (Delgado v State of New York, 82 Misc 3d 307, 309 [Ct Cl 2023]). Damages arising from wrongful confinement "are reasonably ascertainable upon a claimant's release from confinement and, therefore, it is on that date that the claimant's cause of action accrues" (Davis v State of New York, 89 AD3d 1287, 1287 [3d Dept 2011]; see Campos v State of New York, 139 AD3d 1276, 1277 [3d Dept 2016]). "'Failure to comply with either the filing or service provisions of the Court of Claims Act results in a lack of subject matter jurisdiction requiring dismissal of the claim'" (Hatzfeld v State of New York, 104 AD3d 1165 [4th Dept 2013]; see Gang v State of New York, 177 AD3d 1300 [4th Dept 2019]). 
Applying these legal principles to the case at bar, the State has established its entitlement to the dismissal of the Claim. The record reflects that the Claim arises from the alleged acts and omissions of the State in wrongfully confining claimant in the SHU for 120 days. While the State contends that this wrongful confinement claim is for an intentional tort, the claimant strongly opposes contending that he is seeking damages for the State's negligence in wrongfully confining him. In limited factual circumstances, courts have found wrongful confinement claims to be predicated on negligence as opposed to intentional conduct in instances where the claim alleges that DOCCS misapplied rules governing release or committed computational errors (see Turnbull v State of New York, UID No. 2022-040-052 [Ct Cl, McCarthy, J., Sept. 19, 2022]; Thomas v State of New York, UID No. 2020-032-001 [Ct Cl, Hard, J., Jan. 7, 2020]). For a wrongful confinement case to sound in negligence, it must include an allegation akin to ministerial negligence (see Campbell v State of New York, UID No. 2017-032-053 [Ct Cl, Hard, J., Oct. 3, 2017]; Roots v State of New York, UID No. 2017-038-543 [Ct Cl, DeBow, J., June 15, 2017]). On the other hand, whenever the wrongful confinement claim alleges that due process violations occurred at claimant's disciplinary hearing, and that those due process violations resulted in a finding of guilty, the claim is construed as sounding in intentional tort (see id.)
Here, the claimant alleges that he was wrongfully made to suffer as a result of the State's negligence and omissions (see Claim, ¶ 32). However, this Court is not bound by his characterization of the cause of action and must evaluate the true gravamen of the claim (see Smith v State of New York, UID No. 2024-058-042 [Ct Cl, Leahy-Scott, J., Aug. 14, 2024]; Manuel v State of New York, UID No. 2018-038-561 [Ct Cl, DeBow, J. June 21, 2018]). Throughout the Claim, the claimant complains about DOCCS's failure to follow its rules and regulations regarding segregated confinement under the HALT Act, as well as instances where DOCCS failed to adhere to its Directives during his Tier III hearing. Notably, the Claim leans towards intentional conduct wherein claimant complains that during the hearing DOCCS officials: failed to provide him with an attorney (see Claim, ¶ 12); did not provide him an employee assistant of his choice (see id.,¶ 14); denied his due process rights (see id., ¶ 15); denied requests for witnesses (see id.); denied requests for rights pursuant to the HALT act (see id.); and withheld records from the hearing indicating that the green leafy substance was tested [*4]and found positive for drugs (see id., ¶ 17). With this record, this Court finds that the Claim was predicated on intentional conduct, and will consider the timeliness of the Claim as an intentional tort within the meaning of Court of Claims Act § 10(3-b) (see Booker v State of New York, 84 Misc 3d 590 [Ct Cl 2024]).
The State acknowledges that claimant timely served his Notice of Intention to File the Claim upon the Attorney General on August 30, 2022. Thus, the claimant had one year from the accrual date or on or before July 25, 2023 to file the Claim with the Court and serve it upon the Attorney General (see Court of Claims Act § 10[3-b]). Since claimant filed his Claim on June 20, 2024 and served it upon the Attorney General on June 24, 2024, his Claim was untimely filed and served within the meaning of Court of Claims Act § 10(3-b). As such, this Claim must be dismissed for lack of subject matter jurisdiction (see Steele v State of New York, 145 AD3d 1363 [3d Dept 2016]).
Accordingly, it is ORDERED that the State's Motion to Dismiss (M-101281), is granted and Claim No. 142291 is hereby dismissed.
New York, NY
December 16, 2024
Hon. JAVIER E. VARGAS
Judge of the Court of Claims

Footnotes

Footnote 1: Although the Claims names "New York Department of Corrections and Community Supervision" as Defendant, the Court is hereby sua sponte amending the caption to reflect the proper defendant herein, the State of New York (see Court of Claims Act § 9).