Jack Stanislaw, J.
The defendants McLonghlin, husband and wife, move to dismiss this summons and complaint. They first claim that substituted service on Mrs. McLonghlin pursuant to CPLR 308 (subd. 3) was improper and void because prior personal service was not diligently attempted. (There is no dispute as to the efficacy of service made upon Mr. McLoughlin.) It is also argued that, in any event, a cause of action has not been (properly) stated and thus the complaint is subject to dismissal on that basis alone (CPLR 3016, subd. [b]). Finally and failing dismissal altogether a more definite statement is asked (CPLR 3024). The motion in its entirety falls of course within the scope of CPLR 3211 (subd. [a]).
Although the parties sharply dispute the issue of service we will pass that question for a moment. The complaint, in summary, alleges the ownership of certain parcels of real property by one or both defendants, that Mrs. McLonghlin worked for the plaintiffs and “ took, converted and carried away” over $15,000, that the money was used to buy and improve these properties. Plaintiffs seek the imposition of a trust on these lands, conveyance to themselves, an accounting, and the enjoining of any interim transfer of the properties. To the extent that defendants move pursuant to CPLR 3016 (subd. [b]) the motion is denied. Taking, converting and carrying away, even by an employee, intimate stealth on the one hand and an unawareness of removal on the other. The rule last noted is not applicable, for it specifies categories of actionable wrongs based upon purposeful relinquishment of value induced primarily by another’s breach of duty.
But simply because the theory of this action falls without the purview of CPLR 3016 (subd. [b]) does not ipso facto render the complaint unobjectionable. We are informed of an alleged usurpation of plaintiffs’ funds by Mrs. McLonghlin. Plaintiffs’ attorney states that he is familiar with her nefarious techniques and the extent to which each plaintiff has been “ taken ”, but conversely indicates reliance on ‘1 circumstantial evidence ’ ’ to show the use of the moneys (to be subsequently developed). One of the plaintiffs tells generally what he did when he discovered “ the defalcations ”, and then relates a statement by Mr. McLonghlin admitting his wife’s defalcations. Another plaintiff tells that he (also) knew the “ technique ” .so well he could precisely predict these (actionable) takings while in progress. Everyone concerned knows all about defendant’s technique even to the point of forecasting its application in a given situation and the place to which the diversion led, yet all that is disclosed is the existence of knowledge and probable further devel *81 opment, circumstantially. This conglomeration of promises, innuendo and fifth column counterespionage offers little support to the catch-all complaint so far as notice where the presence of allegations concerning realty is involved.
The pleading must afford notice (CPLR 3013), not just a label. Liberal construction now prevails (Foley v. D’Agostino, 21 A D 2d 60). Insofar as the pleading sets forth a claim of defendant’s wrongful taking it suffices. Yet the following allegations about a purported application of the funds to certain properties demonstrate nothing and give no notice of plaintiffs’ grievances vis-a-vis defendants’ properties. Defendants are entitled to more definite statements of those allegations contained in the complaint commencing at paragraph “ 7 ” (CPLR 3024; Shapolshy v. Shapolshy, 22 A D 2d 91).
Returning to the initial problem of jurisdiction of Mrs. McLoughlin, the court is satisfied that service was properly made. We are attempting to avoid protracted dispute over questions of technical import especially in the absence of prejudice to a party based thereon. This court will not permit itself to be drawn into a discussion of the nature of diligence when applied to service of process where the parties, as here, disagree simply about the number of attempted services required to show diligence permitting substituted service admittedly received and acted upon promptly.
The motion is granted to the extent indicated pursuant to CPLR 3024 and is denied in all other respects.