OPINION OF THE COURT
Leonard Silverman, J.
The claim herein seeks damages for conscious pain and suffering and wrongful death. It is based upon negligence and medical malpractice. The decedent was treated at University Hospital from April 7, 1989 until her death on April 14, 1989. *838 The administratrix was appointed on August 11, 1989. However, prior to her appointment, she filed a notice of intention with the clerk of this court on July 12, 1989. A notice of intention was also served upon the defendant on July 11, 1989 at the offices of the Attorney-General in lower Manhattan and by Federal Express at the offices of the Attorney-General in Albany on July 12, 1989. The claim was filed April 9, 1991 and served on the defendant April 8, 1991.
The defendant filed an answer, which denied all the allegations in the claim except it admitted receiving a notice of intention on August 12, 1989 (sic). Since both notices of intention were served in July, we have no idea what notice of intention the Attorney-General is referring to. The answer also interposed two affirmative defenses. The first is that the claim is barred by the Statute of Limitations. The second is based upon a lack of personal jurisdiction.
The claimants seek an order striking both affirmative defenses or in the alternative, permission to file a late notice of claim. The defendant opposes this relief and cross-moves for an order of dismissal on the ground that the claim is barred by the Statute of Limitations.
The defendant’s "Affirmation in Opposition and in Support of Cross-Motion” consists of eight enumerated paragraphs. The first is introductory in nature and the last is the prayer for relief. Paragraphs 2, 3, 4, 5 and 7 relate solely to the alternative relief requested by claimants, i.e., the motion for permission to file a late claim. The remaining paragraph asserts that the notice of intention was not served in accord with Court of Claims Act § 11 in that it was served by Federal Express.
The defendant has totally failed to justify its Statute of Limitations defense. At a preliminary conference, defendant’s counsel was alerted to this omission and promised to document the defense. We are still waiting for the promised papers.
The Statute of Limitations for negligence is three years (CPLR 214); for medical malpractice, 2Vz years (CPLR 214-a) and for wrongful death, two years (EPTL 5-4.1). The decedent was under defendant’s care until her death on April 14, 1989. The claim was filed and served on April 9 and April 8, 1991, respectively.
Clearly, the actions are timely. The defense is entirely void of merit and has no basis in fact. Not only is the affirmative *839 defense baseless, but so is the cross motion to dismiss on the same grounds.
The remaining issues before us involve the second affirmative defense.
From defense counsel’s affirmation, it appears that she is alleging a lack of personal jurisdiction as a result of the defective service of the notice of intention upon the Attorney-General by Federal Express on August 12, 1989.
Claimants reply to this argument by asserting that the notice of intention was personally served upon the Attorney-General the day before in New York City. This fact was evidenced by a rubber stamp on the notice of intention which reflects that the document was received by the Claims Bureau of the Department of Law in the New York district on July 11, 1989. Claimants also submit an affidavit from their process server that he served the notice of intention pursuant to directions received from employees of the Attorney-General’s office.
The defendant has not responded in any way to these assertions and has not disputed that it was served in its New York City office.
To obtain personal jurisdiction of the defendant, a notice of intention or claim must be served personally or by certified mail, return receipt requested, upon the Attorney-General (Court of Claims Act § 11 [a]). Personal service upon the State is accomplished by delivery to an Assistant Attorney-General (CPLR 307). These requirements must be strictly construed and complied with if the notice of intention will be given effect (Calco v State of New York, 165 AD2d 117).
There is no assertion by claimants that the person served was an Assistant Attorney-General, but then again there is no assertion by the defendant, that it was not.
A failure to comply with the precise requirements of the Court of Claims Act has often led to harsh results which deprive a claimant of an adjudication of the claim on the merits. It is this result and the accompanying gamesmanship which led to the enactment of Court of Claims Act § 11 (c). That section provides that any defense based upon a failure to comply with the method of service requirements is waived unless raised, with particularity, in a preanswer motion or the answer itself.
The second affirmative defense in its entirety states "[t]his *840 Court lacks personal jurisdiction over claimant’s failure to comply with the requirements of the Court of Claims Act.”
Obviously, there is some omission. Counsel certainly did not intend to allege a lack of jurisdiction "over” claimants’ failure, but rather "due to” the failure. We will assume she meant it was a lack of jurisdiction over the claim.
For a statement to be sufficiently particular it must give notice of the transaction or occurrence intended to be proven and the material elements of it (CPLR 3013; Meese v Miller, 79 AD2d 237). The primary purpose of a pleading is to advise the adverse party of a claim or defense (Lane v Mercury Record Corp., 21 AD2d 602, affd 18 NY2d 889). The pleading must provide notice and not be just a label (Huntington Utils. Fuel Corp. v McLoughlin, 45 Misc 2d 79). A pleading must allege facts (Melita v Interboro-Mutual Indent. Ins. Co., 73 AD2d 819). The mere allegation of a legal conclusion in an affirmative defense is insufficient (Griffo v Tauriello, 23 Misc 2d 430).
A claimant should not be left in a quandary to determine what an affirmative defense is referring to. There is nothing in the answer which indicates whether the defense is alluding to the notice of intention or the claim; to the notice of intention served in Albany or the one served in New York City; to the method of service or the time of service. From the foregoing, we conclude that the defense, as set forth in the answer, fails to raise the objection to the method of service with particularity (McQueen v State of New York, mot No. M-43520, filed May 7, 1991, Margolis, J.; Woods v State of New York, mot No. M-43751, filed Mar. 28, 1991, NeMoyer, J.).
Even if the language as set forth in the answer was sufficient and we could ignore what is probably law office failure in admitting receipt of the notice of intention on August 12th instead of July 12th, the answer totally fails to address the service in New York City. If that were the case, then there is no defense raised in the answer or opposition papers with regard to the service in New York City on July 11, 1989 and any objection to the service would be waived (Court of Claims Act § 11 [c]).
Finally, even if a notice of intention was never served, the claim is timely. The decedent was an infant at the time of her death. As an infant she was under a legal disability. The disability was removed upon her death and the interested party is allowed to present the claim within two years (Court *841 of Claims Act § 10 [5]; Barrett v State of New York, 161 AD2d 61). If the second affirmative defense had anything to do with the method of service of the claim, it is insufficient for the reasons set forth above.
Based upon the foregoing, claimants’ motion to strike the first and second affirmative defenses is granted. The motion to permit the late filing of a claim is denied as moot. The State’s cross motion to dismiss based upon expiration of the Statute of Limitations is denied.