OPINION OF THE COURT
John L. Bell, J.
*64 The issue implicated in the motion before the court is whether the defendant in an action in the Court of Claims must comply with the provision of CPLR 3211 (e), as amended by chapter 501 of the Laws of 1996, which requires a motion to dismiss premised upon improper service to be asserted within 60 days of service of the answer.
Claimant, an inmate at Clinton Correctional Facility, was assaulted by another inmate on May 6,1995, while in the north yard at such facility. On June 5, 1995, he filed and served a claim, alleging that defendant failed to provide him with proper protection. Defendant’s answer, filed July 17, 1995, asserted, inter alia, that the claim was not served upon the Attorney-General in a manner prescribed by Court of Claims Act § 11 and therefore that the court lacked jurisdiction. In July 1997, defendant moved to dismiss.
The law regarding the manner of service required for a claim is well established. Court of Claims Act § 11 (a) requires service upon the Attorney-General to be effected personally or by certified mail, return receipt requested. Service by regular mail does not comply with the requirements of the statute and such service is therefore not adequate to acquire jurisdiction over the State (see, e.g., Bogel v State of New York, 175 AD2d 493). If the method of service upon the Attorney-General does not comply with the statute and the State properly asserts such defect as a defense (Court of Claims Act § 11 [c]), the court does not have discretion to disregard the defect (Calco v State of New York, 165 AD2d 117, lv denied 78 NY2d 852). Here, defendant asserted the jurisdictional defense with particularity and has established the merits of the defense in the papers before the court. Indeed, claimant does not contest defendant’s contention that he served his claim upon the Attorney-General by regular mail. Thus, the remaining relevant issue is whether defendant waived the defense by not making its motion to dismiss within 60 days as required in the recent amendment to CPLR 3211 (e).
Chapter 501 of the Laws of 1996 added the following relevant language to CPLR 3211 (e): "[A]n objection that the summons and complaint, summons with notice, or notice of petition and petition was not properly served, is waived if, having raised such an objection in a pleading, the objecting party does not move for judgment on that ground within sixty days after serving the pleading, unless the court extends the time upon the ground of undue hardship.” The amendment to CPLR 3211 (e) became effective January 1, 1997 (L 1996, ch 501, § 3). One *65 court has held, that the amendment is retroactive to the extent that a defendant who asserted a defense regarding the manner of service in an action commenced prior to the effective date of the amendment was nevertheless required to make a motion to dismiss within 60 days of the effective date of the amendment (National Westminster Bank USA v Riese, NYLJ, July 23, 1997, at 22, col 2). The motion currently before the court was not served within 60 days of the effective date of the amendment, January 1, 1997, and thus under the analysis adopted in National Westminster Bank USA (supra) defendant would be deemed to have waived its defense regarding the manner of service. However, a broader issue exists as to whether the amendment to CPLR 3211 (e) applies to claims in the Court of Claims.
The primary consideration when interpreting a statute is to ascertain and give effect to the intention of the Legislature (McKinney’s Cons Laws of NY, Book 1, Statutes § 92; Temple Marble & Tile v Union Carbide Marble Care, 87 NY2d 574, 580). If the intention of the Legislature is clearly discernible from the ordinary meaning of the words employed, the statute must be construed in a manner consistent therewith (McKinney’s Cons Laws of NY, Book 1, Statutes § 94; Sega v State of New York, 60 NY2d 183, 190-191). The Legislature listed the following pleadings as being within the ambit of the amendment to CPLR 3211 (e): "[S]ummons and complaint, summons with notice, or notice of petition and petition” (CPLR 3211 [e]). None of the documents listed by the Legislature are proper pleadings to commence an action in the Court of Claims. The document that commences an action in the Court of Claims is a claim (Court of Claims Act § 11). The omission by the Legislature of a claim from the list of pleadings set forth in the amendment must be considered intentional and the court cannot add to the statute under such circumstances (McKinney’s Cons Laws of NY, Book 1, Statutes § 363; Matter of Alonzo M. v New York City Dept. of Probation, 72 NY2d 662, 665-666). The court thus concludes that the amendment to CPLR 3211 (e) was not intended to apply to claims in the Court of Claims.
While resort to extrinsic evidence is not necessary in light of the clear language used by the Legislature (Doctors Council v New York City Employees’ Retirement Sys., 71 NY2d 669, 674), the court notes that even if it perceived an ambiguity to be present, the amendment’s legislative history does not indicate an intent to extend the legislation to cover Court of Claims practice. The amendment was intended to address problems re *66 lated to jurisdictional defenses included as part of broad "boiler plate” answers and it was viewed as being consistent with the filing statutes enacted in chapter 216 of the Laws of 1992 (Mem of NY Senate in support, 1996 McKinney’s Session Laws of NY, at 2442-2443). The filing statutes to which the legislative history refers do not apply to Court of Claims practice (see, Court of Claims Act § 11; Matter of Spodek v New York State Commr. of Taxation & Fin., 206 AD2d 758, affd 85 NY2d 760). Moreover, as regards the issue implicated by boiler plate defenses in answers, the Legislature previously added a specificity requirement with respect to answers in the Court of Claims that forecloses the use of vague jurisdictional defenses related to the manner of service (see, L 1990, ch 625; Fowles v State of New York, 152 Misc 2d 837, 839-840).
Defendant has established a meritorious defense and the waiver provision of the amendment to CPLR 3211 (e) is inapplicable.* Defendant’s motion is thus granted and the claim is dismissed.

 In light of the court’s decision regarding the issue of whether the amendment to CPLR 3211 (e) applies to Court of Claims practice, it is not necessary for this court to decide whether it agrees with the analysis in National Westminster Bank USA (supra).