■ JUDITH OAKLEY et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 94016.) [724 NYS2d 867] —In a claim to recover damages for personal injuries, etc., the claimants appeal from an order of the Court of Claims (Collins, J.), entered April 10, 2000, which granted the defendant's motion to dismiss the claim for lack of subject matter jurisdiction.

Ordered that the order is reversed, without costs or disburse-

ments, and the matter is remitted to the Court of Claims, with the direction to defer disposition of the defendant's motion until resolution of the claimants' motion for leave to file a late claim.

The Court of Claims properly found that the claimants failed to comply with the statutory procedures for serving and filing a claim against the State (*see,* Court of Claims Act § 10). However, the Court of Claims is vested with the discretion to permit a claimant to file a late claim provided that an application for such relief is made prior to the expiration of the applicable Statute of Limitations (*see,* Court of Claims Act § 10 [6]). Here, the record reveals that in December 1996 the claimants made a timely motion for permission to file a late claim, which was properly accompanied by the claim proposed to be filed in accordance with Court of Claims Act § 10 (6). However, due to an apparent error by the Court Clerk's office, the motion papers were deemed deficient for the failure to annex a proposed claim, and the motion was never docketed. As conceded by the Attorney General at the oral argument of this appeal, under these circumstances it is appropriate to remit the matter to the Court of Claims for resolution of the claimants' motion, which should be docketed nunc pro tunc. Prior to the determination of the motion, the defendant should be afforded an opportunity to submit opposition papers. The disposition of the defendant's motion to dismiss the claim for lack of jurisdiction based upon the failure to file a timely claim should await the determination as to whether the claimants are entitled to leave to file a late claim. Altman, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.