■ In the Matter of LEONARD E. LOTT, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [745 NYS2d 119] —Cardona, P.J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered October 1, 2001 in Ulster County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition as time barred.

Petitioner was found guilty of violating certain prison disciplinary rules. The determination was administratively affirmed on February 9, 2001. On May 25, 2001, petitioner attempted to commence this CPLR article 78 proceeding by submitting his papers to Supreme Court in Ulster County. The documents included a proposed order to show cause, verified petition and application for poor person relief. Approximately 10 days later, by notice dated June 4, 2001, the Court Clerk informed petitioner that his papers were being returned because he had used an outdated form for his poor person relief application. According to petitioner, the form was supplied to him by Prisoners' Legal Services. When returning all the papers, the Court Clerk enclosed what was intended to be the proper form. However, when petitioner resubmitted this form with all his other papers, it was discovered that the Court Clerk had sent him a copy of the same out-of-date form that he had originally submitted. By notice dated June 20, 2001, the Court Clerk provided the correct form for poor person relief, however, this time retained petitioner's other moving papers pending receipt of the correct affidavit. Petitioner submitted the completed form and the proceeding was commenced on July 5, 2001, when it was received by the Court Clerk and an index number was assigned (*see, Matter of Grant v Senkowski*, 95 NY2d 605; *Matter of Ardale v Keane*, 289 AD2d 661).

Respondents moved to dismiss the proceeding as barred by the four-month statute of limitations (*see*, CPLR 217 [1]) claiming that the limitations period began to run on February 9, 2001, when petitioner allegedly received notice of respondent Commissioner of Correctional Services' adverse decision, and ended no later than June 11, 2001 (since June 9, 2001 fell on a Saturday). Citing the July 5, 2001 commencement date, Supreme Court granted the dismissal motion prompting this appeal.

Courts of justice have the inherent power to correct any mistakes (*see, George v George*, 41 AD2d 974; *see also*, CPLR 2001; *Matter of Standifer v Goord*, 285 AD2d 912). Upon review of the particular circumstances of this case, assuming that the commencement of this proceeding was untimely, we deem it

appropriate to correct any mistakes that contributed to the finding of untimeliness. Therefore, the judgment granting respondents' motion to dismiss is reversed in the interest of justice. The matter is remitted to Supreme Court for the purpose of permitting respondents to serve an answer within 45 days of this Court's decision (see, *Matter of Ardale v Keane, supra*).

Mercure, Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, without costs, motion denied, and matter remitted to the Supreme Court to permit respondents to serve an answer within 45 days of this Court's decision.