■ CRUM AND FOSTER INSURANCE Co., as Subrogee of PRIDE PRODUCTS CORP., Respondent, v STATE OF NEW YORK, Appellant. [811 NYS2d 735]—

In a subrogation claim to recover damages paid by the plaintiff to its insureds, the State of New York appeals, as limited by its brief, from so much of an order of the Court of Claims (Mignano,

J.), dated September 9, 2004, as, on the court's own motion made upon notice, granted the claimant leave to serve and file a properly verified claim within 30 days.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the provision of the order dated September 9, 2004, which granted the claimant leave to serve and file a properly verified claim is deleted.

The instant claim is for property damages and damages for personal injuries incurred in a motor vehicle accident which occurred on June 1, 2001. In a prior order dated February 18, 2004, and filed March 4, 2004, the claimant was granted leave to file a late claim within 30 days of the filing of that order. No appeal was taken from that order.

The claimant filed the late claim on April 8, 2004, more than 30 days after the filing of the order on March 4, 2004. By letter dated April 8, 2004, the Attorney General elected to treat the claim as a nullity pursuant to CPLR 3022 on the ground that it was not properly verified.

No further action was taken by the claimant. By order to show cause dated July 7, 2004, the Court of Claims, on its own motion, directed the parties to submit papers so it could determine whether the claimant complied with Court of Claims Act § 11. After the parties made their submissions, the Court of Claims, in an order dated September 9, 2004, dismissed the claim filed in April 2004. The claimant took no appeal from that provision.

The order dated September 9, 2004, further directed the claimant to serve and file a properly verified claim within 30 days. The appellant claims that the Court of Claims improperly granted this relief since the three-year statute of limitations for claims for personal injuries and property damages (see CPLR 214) expired before July 7, 2004, when the Court of Claims on its own motion directed the parties to submit papers so it could determine whether the claimant complied with Court of Claims Act § 11.

Court of Claims Act § 10 (6) provides that a motion for leave to serve a late claim may not be entertained after the statute of limitations for a "like claim against a citizen of the state" has expired (see Oakley v State of New York, 283 AD2d 469 [2001]). Since the three-year statute of limitations for causes of action to recover property damages and damages for personal injuries expired before July 7, 2004, the Court of Claims improperly granted the claimant relief. Cozier, J.P., Krausman, Goldstein and Skelos, JJ., concur.