■ DENISE ROBERTS, Respondent, v CITY UNIVERSITY OF NEW YORK, Appellant. [839 NYS2d 514]—

In a claim to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Court of Claims (Scuccimarra, J.), dated July 3, 2006, as,

upon, inter alia, granting its motion to dismiss the claim, extended the time for the claimant to serve and file a properly verified claim for an additional 30 days from the date of filing of the order.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that portion of the order which extended the claimant's time to serve and file a properly verified claim is vacated.

The claimant allegedly fell and was injured on the defendant's property on August 27, 2002. She thereafter sought and obtained leave to serve a late claim, but subsequently made a series of defective and untimely attempts to serve the claim. Following the expiration of the three-year statute of limitations applicable to the claim (*see* CPLR 214), the defendant moved to dismiss the latest version of the claim on the ground, inter alia, that it was not properly verified. The claimant cross-moved, inter alia, to dismiss the third, fourth, fifth, and sixth affirmative defenses asserted in the answer. In the resulting order dated July 3, 2006, the Court of Claims granted the defendant's motion and denied the claimant's cross motion. However, the court also extended the claimant's time within which to serve and file a properly verified claim for an additional 30 days from the date of filing of the order, and we reverse insofar as appealed from.

Pursuant to Court of Claims Act § 10 (6), the court has discretion to permit the filing of a late claim at any time before the action is time-barred. "Concomitantly, the failure to file a timely claim . . . divests the Court of Claims of jurisdiction . . . and thus, the court does not possess the discretion to reinstate time-barred causes of action" (*Berger v State of New York,* 171 AD2d 713, 716 [1991] [citations omitted]; *see Simon v State of New York,* 12 AD3d 171 [2004]; *Williams v State of New York,* 235 AD2d 776 [1997]; *Hernandez v State of New York,* 144 AD2d 167 [1988]). Once the applicable limitations period expired in this case, the court was without authority either to entertain a subsequent motion to extend the time to file a late claim, or, sua sponte, to grant such relief (*see Crum & Foster Ins. Co. v State of New York,* 25 AD3d 643 [2006]). Mastro, J.P., Dillon, Covello and Dickerson, JJ., concur.