■ Pike Company, Inc., Plaintiff, v County of Albany, Defendant and Third-Party Plaintiff-Respondent. XL Specialty

INSURANCE COMPANY et al., Third-Party Defendants-Appellants.
[905 NYS2d 371]—

Mercure, J.P. Appeal from an order of the Supreme Court (Egan Jr., J.), entered May 1, 2009 in Albany County, which denied third-party defendants' motion to dismiss the third-party complaint.

Pursuant to a 2005 contract, defendant hired plaintiff as a general contractor in connection with the renovation of the Albany County Courthouse. In 2008, plaintiff commenced this action in Supreme Court, Saratoga County, alleging that defendant, by its breaches of contract, obstructed and impeded plaintiff's performance. Subsequently, defendant terminated the contract and Supreme Court (Ferradino, J.) granted defendant's motion for a change of venue to Albany County. Approximately one month later, defendant sought to commence a third-party action against third-party defendants, which had issued a performance bond as plaintiff's surety. Upon discovering that the Saratoga County Clerk's office had not yet transferred the case file of the underlying action to the Albany County Clerk's office, defendant filed the third-party summons and complaint with the Saratoga County Clerk. Five days later, the Albany County Clerk's office received the transferred case file, including the third-party complaint. Third-party defendants moved to dismiss the third-party complaint, arguing that the failure to file it with the Albany County Clerk constituted a jurisdictional defect. Supreme Court denied the motion, prompting this appeal.

We now affirm. CPLR 1007 provides that a third-party action is commenced "by filing pursuant to [CPLR 304] a third-party summons and complaint with the clerk of the court in the county in which the main action is pending, for which a separate index number shall not be issued." With respect to determining the county in which the main action is pending, CPLR 511 (d) states that, upon entry of an order changing the venue of an action, "the clerk of the county from which it is changed . . . shall forthwith deliver to the clerk of the county to which it is changed all papers filed in the action . . . , which shall be filed . . . in the office of the latter clerk. Subsequent proceedings shall be had in the county to which the change is made as if it had been designated originally as the place of trial, except as otherwise directed by the court." Third-party defendants argue that, once the order changing venue was entered, de-

fendant was required to file any papers with the Albany County Clerk and that its filing of the third-party complaint with the Saratoga County Clerk constituted a *Mendon Ponds* defect (*see Matter of Mendon Ponds Neighborhood Assn. v Dehm*, 98 NY2d 745, 747 [2002]) that deprived the court of subject matter jurisdiction over the third-party action. We disagree.

In *Mendon Ponds*, the Court of Appeals held that dismissal was required when papers were filed with the Clerk of the Supreme and County Courts, rather than the County Clerk. Specifically, the Court held that "[b]ecause appellants delivered the petition to the Chief Clerk of Monroe Supreme and County Courts, whose function is significantly different than that of the County Clerk, the petition was not filed and was properly dismissed" (*id.*). This Court has held that such a failure—a *Mendon Ponds* defect—"impacts the court's subject matter jurisdiction" and, thus, "is not the type of error that falls within the court's discretion to correct under CPLR 2001" (*Matter of Miller v Waters*, 51 AD3d 113, 117 [2008]). We explained that CPLR 2001 does not "allow courts to create subject matter jurisdiction where it does not exist" (*id.*; *see MacLeod v County of Nassau*, 75 AD3d 57, 65 [2010]).*

This case, in contrast, does not involve a *Mendon Ponds* defect; third-party defendants do not assert that defendant failed to file the third-party action with the County Clerk. Moreover, they do not dispute that Supreme Court has subject matter jurisdiction over the underlying action or that the court would have jurisdiction over the third-party action if it had been filed in Albany County. Rather, third-party defendants argue only that, under CPLR 511 (d), the third-party action was filed in the wrong county. CPLR 511 (d), however, "is a venue provision. It does not affect the jurisdiction of the court" (*Matter of Travelers Indem. Co. of Ill. v Nnamani*, 286 AD2d 769, 770 [2001]; *see Matter of Caplan v Caplan*, 30 NY2d 941, 943 [1972]; *see also Benson v Eastern Bldg. & Loan Assn.*, 174 NY 83, 86-87 [1903]; *Matter of Grune v Grenis*, 171 AD2d 1070, 1071 [1991]; *Empire Mut. Ins. Co. v West*, 22 AD2d 938, 938 [1964]; Siegel, NY Prac § 116, at 209-210 [4th ed]; *cf. State of*

---

* CPLR 2001, as amended effective August 15, 2007 (*see* L 2007, ch 529), reads: "At any stage of an action, *including the filing of a summons with notice, summons and complaint or petition to commence an action*, the court may permit a mistake, omission, defect or irregularity, *including the failure to purchase or acquire an index number or other mistake in the filing process*, to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded, provided that any applicable fees shall be paid" (emphasis added).

*New York v Forest-Fehlhaber*, 74 AD2d 272, 275 [1980] [involving removal to a different court under CPLR 326]).

Indeed, on its face, CPLR 511 (d) presumes that subject matter jurisdiction is not affected because it provides that "[s]ubsequent proceedings shall be had in the county to which the change is made as if it had been designated originally as the place of trial, *except as otherwise directed by the court*" (emphasis added). If CPLR 511 (d) were intended to impact subject matter jurisdiction as third-party defendants argue, the courts would have no ability to direct "otherwise"—i.e., direct that subsequent proceedings may be held in the county from which venue is changed. In our view, third-party defendants' argument, although styled as a jurisdictional challenge, is in actuality a challenge to venue. As such, the alleged error in filing here amounted to "a technical, nonprejudicial procedural misstep" (*MacLeod v County of Nassau*, 75 AD3d at 65) of the type that CPLR 2001 permits the courts to disregard as a "mistake in the filing process" that does not impact subject matter jurisdiction (*see Matter of Miller v Waters*, 51 AD3d at 115-116; *see also Matter of Tagliaferri v Weiler*, 1 NY3d 605, 606 [2004]; *Matter of Lott v Goord*, 296 AD2d 631, 631-632 [2002]; *Matter of Standifer v Goord*, 285 AD2d 912, 912-913 [2001]). Accordingly, Supreme Court properly denied third-party defendants' motion to dismiss upon its conclusion that the filing of the third-party complaint in Saratoga County after entry of the order changing venue, but prior to transfer of the case file, did not affect its subject matter jurisdiction over the third-party action.

Malone Jr., Kavanagh, Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.