OPINION OF THE COURT
David A. Weinstein, J.
By prior decision and order filed on September 5, 2012, I granted claimant’s motion for leave to file a late claim pursuant to Court of Claims Act § 10 (6), arising out of a trip and fall on a sidewalk outside of the City University of New York (CUNY) Hunter College on December 12, 2009 (Gardner v City Univ. of N.Y., Ct Cl, July 23, 2012, Weinstein, J., UID No. 2012-049-033). The decretal paragraph therein provided that within 30 days of the filing of the decision and order:
“claimant shall serve and file a verified claim .... In serving and filing the claim, claimant shall comply with all of the requirements of the Court of Claims Act and the Uniform Rules for the Court of Claims, including the payment of a filing fee in accordance with Court of Claims Act § 11-a.”
Consequently, pursuant to the court’s order, the outside date to serve and file the claim was October 5, 2012.
On September 14, 2012 the claim was served on the Attorney General’s Office and CUNY (CM, exhibit C), and on September 24, 2012 it was delivered to the Clerk’s Office for filing (CM, exhibit D).
According to claimant’s counsel, his office did not receive written acknowledgment that the claim had been accepted, and had no indication that there had been a problem or that the claim was rejected by the Clerk’s Office (CM at 5, 6). On October 17, 2012, counsel contacted the Clerk’s Office to inquire as to the filing status of the claim, at which time he was informed that no check had been submitted with the September 24th submission, and the claim therefore had not been not filed. Upon learning this information, counsel resubmitted the claim, this time with the $50 filing fee required by Court of Claims Act § 11-a. The claim was filed on October 18th — beyond the *914 deadline in the court’s decision and order but within the statute of limitations — [1] and given claim No. 121895 (CM, exhibit H).
Defendant CUNY interposed its answer on October 26, 2012, and raised in its fourth affirmative defense that “[t]he Court lacks jurisdiction over the claim since claimant failed to file the Proposed Claim within 30 days of the filing date of this Court’s Decision and Order as instructed by this Court and therefore the claim is untimely.” Defendant now moves to dismiss the claim on this ground. Claimant cross-moves for an order striking the affirmative defense of lack of jurisdiction, or in the alternative, for an order extending the time allotted to file the claim nunc pro tune and deeming the claim timely filed.
For the reasons set forth below, defendant’s motion is denied and claimant’s cross motion is granted.
Discussion
There is no dispute that claimant’s filing is defective, as the fee was paid (and, as a result, the claim was filed) outside the time period set forth in the court’s order (see Zoeckler v State of New York, Ct Cl, Aug. 15, 2012, McCarthy, J., UID No. 2012-040-069 [dismissing late claim served after deadline set by court under section 10 (6)]). The question is whether I may disregard that defect, so as to allow the claim to proceed. For reasons set forth below, I find that I may take this step, pursuant to CPLR 2001, and that such relief is warranted in this case.[2]
CPLR 2001 provides as follows:
“At any stage of an action, including the filing of a summons with notice, summons and complaint or petition to commence an action, the court may permit a mistake, omission, defect or irregularity, *915 including the failure to purchase or acquire an index number or other mistake in the filing process, to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded, provided that any applicable fees shall be paid” (emphasis added).
The italicized language was added to CPLR 2001 by chapter 529 of the Laws of 2007. That statute was enacted to overturn several Court of Appeals decisions holding that defects in the commencement of actions or payment of an index number fee must result in dismissal of an action (see Senate Introducer Mem in Support, Bill Jacket, L 2007, ch 529 at 5, citing Matter of Gershel v Porr, 89 NY2d 327 [1996] [failure to pay the proper filing fee]; Harris v Niagara Falls Bd. of Educ., 6 NY3d 155 [2006] [same]; Matter of Fry v Village of Tarrytown, 89 NY2d 714 [1997] [failure to file a signed copy of an order to show cause along with petition]). The memorandum in support states that “non-prejudicial defects in commencement, such as late payment of the fee because of a bounced check (which is subsequently cured) . . . would be excusable deficiencies” under the amended statutory language (Bill Jacket at 6). However, the amendment was “not meant to excuse a complete failure to file within the statute of limitations” (Goldenberg v Westchester County Health Care Corp., 16 NY3d 323, 328 [2011], quoting Bill Jacket at 5-6 [internal quotation marks omitted]), or to “create subject matter jurisdiction where it does not exist” (Pike Co., Inc. v County of Albany, 75 AD3d 983, 985 [3d Dept 2010] [internal quotation marks and citations omitted]).
The 2007 amendment makes clear that CPLR 2001 applies to “mistakes in the filing process” (Ruffin v Lion Corp., 15 NY3d 578, 581 [2010]). In determining whether such a defect is merely “technical,” and therefore falls within the ambit of the provision, “courts must be guided by the principle of notice to the defendant — notice that must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections” (id. at 582 [internal quotation marks and citations omitted]; see also MacLeod, 75 AD3d at 63 [“the key question” in determining whether CPLR 2001 may be invoked to correct a mistake, is whether “a substantial right of the defendant . . . would be prejudiced” thereby]).
Here, the record indicates that the State and CUNY were both timely served with the claim, and defendant does not *916 advance any argument that it was prejudiced by claimant’s payment of the filing fee 13 days after the expiration of the 30-day period for filing provided by the court’s order.
The “technical” nature of the present defect is confirmed by MacLeod, which presents facts analogous to those now before me. In MacLeod, plaintiffs filed a summons and complaint within the applicable statute of limitations, but mistakenly did not pay the filing fee and instead used an index number associated with a prior related proceeding. Plaintiffs later corrected this error by paying the new index number filing fee.[3] The Appellate Division held that plaintiffs’ “mistake with respect to the commencement of this action can be described as a technical, nonprejudicial procedural misstep that a court is obligated to disregard” under CPLR 2001 (MacLeod, 75 AD3d at 65). The same considerations are equally compelling in the matter before me.
Defendant takes the position, however, that since claimant did not comply with the 30-day period set by the court’s order, the Court of Claims lacks jurisdiction to grant any additional late claim relief.[4] This argument is premised on the accurate assertion that CPLR 2001 cannot be invoked to remedy a jurisdictional defect, since the court cannot correct an irregularity in a case over which it lacks authority in the first instance (see Matter of Vetrone v Mackin, 216 AD2d 839, 841 [3d Dept 1995]; see also MacLeod, 75 AD3d at 65 [2007 amendment to CPLR 2001 “was not intended to permit a court to excuse a mistake with regard to the commencement of an action . . . over which it lacks subject matter jurisdiction”]). Thus, when a claim is filed beyond the time periods set forth in the Court of Claims Act, the court is without discretion and must dismiss the claim, provided defendant has raised the defect in accordance with Court of Claims Act § 11 (c) (see Bennett v State of New York, 106 AD3d 1040 [2d Dept 2013] [filing deadlines in Court of Claims Act are jurisdictional]; Nationwide Ins. Co. v State of New York, Ct Cl, Aug. 21, 2002, Lebous, J., UID No. *917 2002-019-564 [the court is “without discretion” to waive the filing requirements of the Court of Claims Act]).
Here, however, the filing defect was that the requisite fee was not paid until after a court-ordered, deadline had passed. Such a defect is not jurisdictional, and therefore it may be disregarded under CPLR 2001.
A jurisdictional defect is one that is “fundamental to the power of adjudication of a court” (Manhattan Telecom. Corp. v H & A Locksmith, Inc., 21 NY3d 200, 203 [2013], citing Lacks v Lacks, 41 NY2d 71, 74 [1976]). That is not the case with the court-imposed deadline at issue here. There is no statutory bar to extending the time granted by a court for filing a late claim under section 10 (6). To the contrary, the Court of Claims retains power to alter its own deadlines, even after they have expired (see Matter of Yackle v State of New York, 21 AD3d 1283 [4th Dept 2005] [Court of Claims erred in not extending its own deadline for filing of late claim after it granted application under section 10 (6), and claimant had partially complied with the initial deadline by serving the Attorney General]; Griffin v John Jay Coll., 266 AD2d 16 [1st Dept 1999] [Court of Claims should have granted claimant’s second application for extension of time to file claim set forth in court’s order granting late claim application]; CPLR 2004 [unless barred by law, “the court may extend the time fixed by any . . . order for doing any act . . . whether the application for extension is made before or after the expiration of the time fixed”]). Since the claimant’s error could be corrected by a “means provided by law,” it cannot be characterized as jurisdictional (Manhattan Telecom. Corp. at 203-204).[5]
Moreover, the claim was filed and served within the applicable limitations period. Thus, while the case law makes clear that CPLR 2001 cannot be used to allow an action to be brought after the claim is time-barred (see Roberts v City Univ. of N.Y., 41 AD3d 825 [2d Dept 2007]; Crum & Foster Ins. Co. v State of *918 New York, 25 AD3d 643 [2d Dept 2006]), those decisions are inapposite in this instance.
In both Roberts and Crum & Foster, claimants were granted leave to file late claims within 30 days of the filing of the court’s order, but failed to serve properly verified claims. In each instance, the Court of Claims ultimately dismissed the claim, but also extended the time for claimant to serve and file a properly verified claim within a new 30-day period, notwithstanding that the statute of limitations had by that point expired. The Second Department reversed in both cases, holding that “[o]nce the applicable limitations period expired . . . , the court was without authority either to entertain a subsequent motion to extend the time to file a late claim, or, sua sponte, to grant such relief’ (Roberts, 41 AD3d at 826; see also Crum & Foster, 25 AD3d at 644 [“a motion for leave to serve a late claim may not be entertained after the statute of limitations for a like claim against a citizen of the state has expired” (internal quotation marks omitted)]).
In this case, however, claimant is not seeking to file or serve his claim after the now-expired limitations period. Rather, the claim has already been filed and served, and the filing fee has been paid. Instead, the relief claimant seeks is for the court to “overlook and permit correction of the error” made when he submitted the filing fee after the deadline (claimant’s letter of June 10, 2013 at 2). That defect did not divest the court of jurisdiction, falls within the specific category of errors which the legislature placed within the ambit of CPLR 2001 by its 2007 amendment thereto, and caused defendant no harm. In light of these circumstances, the failure to include the requisite fee at the time the claim was initially filed, “was merely a technical procedural irregularity which did not prejudice the defendant” (Warshaw Burstein Cohen Schlesinger & Kuh, LLP v Longmire, 82 AD3d 586, 587 [1st Dept 2011], quoting Board of Mgrs. of Ocean Terrace Towne House Condominium v Lent, 148 AD2d 408, 409 [2d Dept 1989], lv denied 75 NY2d 702 [1989]). I therefore disregard that defect pursuant to CPLR 2001.
In view of the foregoing, it is ordered that defendant’s motion No. M-83117 be denied, and it is further ordered that claimant’s cross motion No. CM-83177 be granted and defendant’s fourth affirmative defense be stricken.

. The alleged trip and fall occurred on December 12, 2009. Late claim relief is available only when the application is brought within the applicable CPLR article 2 statute of limitations. CPLR 214 (5) requires that an action to recover damages for personal injuries be commenced within three years of the date of the injury, or in this case, no later than December 12, 2012.

. Claimant did not raise CPLR 2001 in its initial opposition to defendant’s motion. By letter dated June 5, 2013, the court invited the parties to present any arguments they might have regarding the applicability of this provision, and claimant responded with a letter arguing that CPLR 2001 applied to this case. Since the essence of claimant’s argument in opposition to the motion is that the error in the late payment of his filing fee should be disregarded, its failure to expressly cite this provision in its initial motion papers does not prevent the court from granting relief thereunder (see MacLeod v County of Nassau, 75 AD3d 57, 63 [2d Dept 2010] [waiving defect under CPLR 2001 although plaintiffs “did not expressly cite” this provision]).

. In MacLeod, unlike this case, the fee was not paid until the statute of limitations had expired, which the Court nonetheless found was not a bar to the relief sought (75 AD3d at 59).

. Defendant’s reliance on Roberts v State of New York (11 AD3d 1000 [4th Dept 2004]), is inapposite. That case concerned the lack of availability of section 10 (6) relief for inmate personal property claims brought pursuant to Court of Claims Act § 10 (9). The Fourth Department observed in its opinion that the issue of claimant’s failure to file his late claim within the 60-day period set forth in the court’s order was moot.

. This is not to diminish the importance of the parties’ compliance with time periods set forth in a court order. As the Court of Appeals has recognized, such orders cannot be ignored “with impunity” if “the credibility of court orders and the integrity of our judicial system are to be maintained” (Kihl v Pfeffer, 94 NY2d 118, 123 [1999]). But no such concerns are implicated in this instance. Claimant served the claim by the court’s deadline, and attempted to timely file it as well, albeit it in a defective manner. Further, as soon as claimant was alerted to the defect, he sought to remedy it by paying the requisite fee.