■ STACEY MILES, Appellant, v CITY UNIVERSITY OF NEW YORK, Respondent. [6 NYS3d 54]—

Order, Court of Claims of the State of New York (Alan C. Marin, J.), entered December 18, 2013, which granted defendant's motion to dismiss the claim, unanimously affirmed, without costs.

Claimant's employment discrimination claim against Baruch College of the City University of New York accrued on November 30, 2006. Claimant filed a claim in the Court of Claims in July 2008. By order entered April 28, 2009, the Court of Claims (Melvin L. Schweitzer, J.), dismissed the claim and granted claimant leave to file and serve a new claim, "[i]n conformance with Court of Claims Act §§ 10, 11 and 11-a," within 40 days. The time to serve the new claim expired on June 8, 2009.

Claimant's service of the new claim was untimely and did not comply with the requirements of the Court of Claims Act (*see Kolnacki v State of New York*, 8 NY3d 277, 281 [2007]; *Dreger v New York State Thruway Auth.*, 81 NY2d 721, 723 [1992]). The June 8, 2009 service, by regular mail—an improper method of service—was not completed until it was received by the Attorney General's Office on June 12, 2009 (Court of Claims Act § 11 [a] [i]). After defendant rejected this claim, claimant served another one, again by regular mail, which was received on July 1, 2009. However, the statute of limitations had expired by the time of claimant's first service of the new claim (*see* CPLR 214; *Koerner v State of N.Y., Pilgrim Psychiatric Ctr.*, 62 NY2d 442 [1984]). Thus, the Court of

Claims was without authority to extend claimant's time to serve the claim (*Roberts v City Univ. of N.Y.*, 41 AD3d 825 [2d Dept 2007]).

We reject claimant's contention that defendant waived its affirmative defenses to the time and manner of service by failing to plead them with particularity (*see* Court of Claims Act § 11 [c]). The first affirmative defense alleges that claimant failed to timely serve the claim in accordance with the April 2009 order, which required conformity with Court of Claims Act §§ 10, 11 and 11-a; the ninth affirmative defense specifies the manner of service that was used, the manner of service that should have been used, and the statutory authority therefor. These defenses are pleaded with sufficient particularity (*cf. Sinacore v State of New York*, 176 Misc 2d 1, 7 [Ct Cl 1998] [noncompliance with statutory requirements not alleged]; *Fowles v State of New York*, 152 Misc 2d 837, 839-840 [Ct Cl 1991] [mere "failure to comply with (statutory) requirements" alleged, without facts giving notice of which requirements]). Moreover, contrary to claimant's contention, the only claim to which defendant's answer could have been directed was the late one served on July 1, 2009. Concur—Tom, J.P., Renwick, DeGrasse, Manzanet-Daniels and Clark, JJ.