OPINION OF THE COURT
Francis T. Collins, J.
Defendant moves (M-86905) for dismissal pursuant to CPLR 3211 (a) (1), (2) and (8), and Court of Claims Act § 10 (3), on the ground the claim was not filed or served within the time constraints of this court’s prior decision and order granting claimant permission to file and serve a late claim. Claimant opposes the motion and moves separately (M-87009) to compel discovery pursuant to CPLR 3101 and 3102 (f).
The instant claim arises from injuries allegedly sustained by the claimant, a pro se inmate, when he was assaulted by another inmate in the recreation yard of Attica Correctional Facility on August 28, 2010. By decision and order filed June 27, 2012, this court dismissed a prior claim due to improper service and granted claimant’s motion for leave to serve and file a late claim pursuant to Court of Claims Act § 10 (6). The decision and order directed claimant to file and serve his claim within 45 days of the date the decision and order was filed. It *650 is undisputed that the claim was filed in the Office of the Clerk of the Court of Claims on August 3, 2012 and served on the defendant by certified mail, return receipt requested, on September 12, 2012. While filing of the claim was timely, service of the claim was accomplished beyond the time permitted in the prior decision and order granting late claim relief, which expired on August 13, 2012.
It is, of course, well established that compliance with the statutory filing and service requirements contained in article II of the Court of Claims Act are jurisdictional prerequisites to the assertion of subject matter jurisdiction in the Court of Claims (Lyles v State of New York, 3 NY3d 396, 400 [2004]; Alston v State of New York, 97 NY2d 159 [2001]; Encarnacion v State of New York, 112 AD3d 1003 [3d Dept 2013]; Maude V. v New York State Off. of Children & Family Servs., 82 AD3d 1468, 1469 [2011]). As a result, the failure to either serve or file a claim within the statutory period deprives the court of subject matter jurisdiction and compels dismissal of the claim (Miranda v State of New York, 113 AD3d 943 [3d Dept 2014]; Caci v State of New York, 107 AD3d 1121 [3d Dept 2013], citing Dreger v New York State Thruway Auth., 81 NY2d 721, 724 [1992]). While Court of Claims Act § 10 (6) permits the filing and service of a late claim in the discretion of the court, the exercise of that discretion is limited to applications made “any time before an action asserting a like claim against a citizen of the state would be barred under the provisions of article two of the civil practice law and rules.” Defendant contends in support of its dismissal motion that inasmuch as the three-year statute of limitations for personal injury claims has now expired (CPLR 214 [5]), this court lacks discretion to extend the time period previously granted for service of the claim.
The issue here, however, is not compliance with the statutory filing and service requirements of the Court of Claims Act, but the service of a claim beyond the time directed by the court. This court is in agreement with the conclusion of the Honorable Judge Weinstein in Gardner v City Univ. of N.Y. (41 Misc 3d 912 [Ct Cl 2013]) that a failure to abide by a court-imposed deadline, as distinct from the time limitations of Court of Claims Act § 10, is not a jurisdictional defect “ ‘fundamental to the power of adjudication of a court’ ” (41 Misc 3d at 917, quoting Manhattan Telecom. Corp. v H & A Locksmith, Inc., 21 NY3d 200, 203 [2013]). Rather, CPLR 2004 authorizes a court to “extend the time fixed by any . . . order for doing any act, *651 upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed” unless otherwise expressly prescribed by law. In this context, it has been held an improvident exercise of discretion to deny an application for an extension of time to file a claim where the claim was served but not filed in accordance with the time limitation set forth in a court order granting a motion for late claim relief (see Matter of Yackle v State of New York, 21 AD3d 1283 [4th Dept 2005]; Griffin v John Jay Coll., 266 AD2d 16 [1st Dept 1999]). Inasmuch as the defendants in both Yackle and Griffin were timely served with the claim, it could not be said that the late filing would result in substantial prejudice to the State, one of the factors for consideration on an application to file a late claim (Court of Claims Act § 10 [6]).
The defendant here likewise does not contend that it was prejudiced by the late service of the claim. Indeed, defendant had timely notice of the claim which was previously dismissed on the ground of improper service. Instead, defendant contends that the expiration of the applicable statute of limitation divests this court of the discretionary authority necessary to grant an extension of time to serve the claim. Here, however, both filing and service of the claim were completed prior to the expiration of the three-year statute of limitations (cf. Miles v City Univ. of N.Y., 126 AD3d 609 [1st Dept 2015] [Court of Claims was without authority to extend time to serve claim, set forth in prior order granting late claim relief, where service of the claim was completed after the statute of limitations had expired]; Roberts v City Univ. of N.Y., 41 AD3d 825 [2d Dept 2007] [court was without authority to extend time for service of claim where proper service of the claim was not completed within the statute of limitations]; Crum & Foster Ins. Co. v State of New York, 25 AD3d 643 [2d Dept 2006] [same]). Thus, there exists no jurisdictional impediment to extending the court-imposed deadline in this case and the court has the authority, pursuant to CPLR 2004, to extend the time for service of the claim nunc pro tunc.
Moreover, it is significant that defendant’s answer failed to assert a defense regarding service of the claim beyond the time permitted in the decision and order granting late claim relief. Rather, defendant raised the statute of limitations as a defense in only the most conclusory fashion (defendant’s exhibit B, fourth defense asserted in answer; see Scholastic Inc. v Pace *652 Plumbing Corp., 129 AD3d 75 [1st Dept 2015]).* Claimant argues, persuasively, that defendant waived any defense it may have had by failing to raise as an affirmative defense in its answer the time restrictions set forth in this court’s decision and order granting late claim relief.
CPLR 3018 (b) provides that “[a] party shall plead all matters which if not pleaded would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading.” While the time period for service and filing of the late claim set forth in the prior decision and order certainly came as no surprise to the claimant, like the defense of the statute of limitations, it is an issue of fact that does not appear on the face of the claim and must be raised as an affirmative defense or it is waived (see Patrick M. Connors, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3018:13).
Turning to claimant’s motion to compel disclosure, a necessary prerequisite to a motion to compel disclosure is the service of a notice for disclosure or other disclosure device (CPLR 3102 [b]; 3124). A motion to compel compliance or a response is then appropriate “[i]f a person fails to respond to or comply with any request, notice, interrogatory, [or] demand” (CPLR 3124). Claimant has failed to establish that any such request, notice, interrogatory or demand for disclosure has been served on the defendant or that the defendant has failed to comply. Claimant should first serve a demand for disclosure upon the defendant before seeking court intervention.
Based on the foregoing, defendant’s motion (M-86905) is denied and the claim filed on August 3, 2012 and served on September 12, 2012 is deemed timely nunc pro tunc. Claimant’s motion (M-87009) is denied.

 Defendant also asserted as a defense that the claim was untimely filed and served under Court of Claims Act §§ 10 (3) and 11. Inasmuch as late claim relief was previously granted, these statutory provisions are no longer a bar to the late filing and service of the claim.