Dorr v State of New York (2019 NY Slip Op 07567)





Dorr v State of New York


2019 NY Slip Op 07567


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-09005

[*1]Michael Dorr, appellant,
v
State of New York, respondent. (Claim No. 121375)


Frank N. Ambrosino, Smithtown, NY, for appellant.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Eric R. Haren of counsel), for respondent.



DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Gina M. Lopez-Summa, J.), dated March 27, 2018. The order granted the defendant's motion to dismiss the claim for failure to serve a timely claim, and denied the claimant's cross motion for leave to file a late claim pursuant to Court of Claims Act § 10(6).
ORDERED that the order is affirmed, with costs.
On March 5, 2012, the claimant, while residing at a state drug treatment facility, allegedly sustained injuries when he jumped out of the facility's second-story window. The claimant filed a claim in the Court of Claims on May 31, 2012. However, the claim was not served on the Attorney General of the State of New York until June 6, 2012, 93 days after March 5, 2012. In October 2017, after the expiration of the three-year statute of limitations applicable to the claim (see CPLR 214), the defendant moved to dismiss the claim for failure to serve a timely claim. The claimant cross-moved for leave to file a late claim pursuant to Court of Claims Act § 10(6). In the order appealed from, the Court of Claims granted the defendant's motion and denied the claimant's cross motion.
A claim or notice of intention to file a claim must be filed and served upon the attorney general within 90 days after the accrual of a negligence claim (see Court of Claims Act § 10[3]). Pursuant to Court of Claims Act § 10(6), the Court of Claims has discretion to permit the filing of a late claim at any time before the action is time-barred. "[T]he court does not possess the discretion to reinstate time-barred causes of action" (Berger v State of New York, 171 AD2d 713, 716; see Chaudry v State of New York, 167 AD3d 704; Golia v State of New York, 162 AD3d 861). Once the applicable limitations period expired in this case, the Court of Claims was without authority either to entertain a motion for leave to file a late claim, or, sua sponte, to grant such relief (see Roberts v City Univ. of N.Y., 41 AD3d 825; Crum & Foster Ins. Co. v State of New York, 25 AD3d 643). Accordingly, we agree with the determination of the court to grant the defendant's motion to dismiss the claim for failure to serve a timely claim and to deny the claimant's cross motion for leave to file a late claim.
The claimant's remaining contentions are either without merit or based on matter dehors the record.
MASTRO, J.P., RIVERA, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court