Booker v State of New York (2024 NY Slip Op 24335)

[*1]

Booker v State of New York

2024 NY Slip Op 24335

Decided on December 18, 2024

Court Of Claims

Chaudhry, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on December 18, 2024
Court of Claims

Amin Booker, Claimant,

against
The State of New York, [FN1] Defendant.

Claim No. 142490

For Claimant:
AMIN BOOKER, Pro Se
For Defendant:
LETITIA JAMES, New York State Attorney General
By: Michael T. Krenrich, Assistant Attorney General

Zainab A. Chaudhry, J.

The filing of this claim presents the issue whether a cause of action's statute of limitations is tolled during the pendency of an application for late claim relief in an unusual context. This Court previously granted claimant Amin Booker permission to file a late claim limited to a cause of action for wrongful confinement under a theory that defendant
allegedly violated the Humane Alternatives to Long-Term Confinement (HALT) Act with respect to a period of segregated confinement that ended on January 19, 2023 (see Booker v State of New York, UID No. 2024-062-011 [Ct Cl, filed June 7, 2024] [Chaudhry, J.]). The order directed claimant to file the claim and serve it upon the Office of the Attorney General in accordance with the requirements of Court of Claims Act (CCA) §§ 11 and 11-a, within 60 days of the filing of the order on June 7, 2024—that is, by August 6, 2024. Claimant ultimately filed and served the claim beyond the court-imposed deadline and defendant now moves to dismiss the claim. Claimant opposes the motion.
Initially, contrary to claimant's contention, defendant's motion is timely. A motion to dismiss on timeliness grounds must be brought before the service of a responsive pleading is due [*2](see CCA § 11 [c]). An answer in the Court of Claims must be served within 40 days of the service of the claim to which it is responding, not 30 days as claimant argues (see 22 NYCRR 206.7 [b]). The motion here was timely brought within that 40-day period.
Turning to the merits of defendant's motion, service of the claim was not timely made in accordance with the Court's directives. Defendant's submission shows that the claim was served on August 9, 2024, three days after the expiration of the court-imposed deadline (see Affirm in Supp of Mot, Exh B). Although claimant's affidavit of service of the claim reflects that the claim was placed in the mail on August 5—a date within the 60-day period—service of the claim was not complete until it was received in the Attorney General's Office on August 9 (see CCA § 11 [a] [i]; see also Rodriguez v City Univ. of NY, 179 AD3d 506, 506 [1st Dept 2020]). And contrary to claimant's argument, CPLR 2103 (b) (2) has no applicability here. However, defendant is incorrect that claimant's failure to comply with the Court's deadline mandates dismissal of the claim.
Unlike the filing and service requirements of CCA §§ 10 and 11, a court-imposed time limitation in an order granting late claim relief is not a jurisdictional requirement (see Canales v State of New York, 51 Misc 3d 648, 650-651 [Ct Cl 2015] [Collins, J.]; see also Gardner v City Univ. of NY, 41 Misc 3d 912, 917 [Ct Cl 2013] [Weinstein, J.]). Thus, the court may extend a deadline established by its own order, and a claim served and filed beyond the original deadline may be deemed timely nunc pro tunc (see Canales, 51 Misc 3d at 651, citing CPLR 2004). Indeed, it has been held an improvident exercise of discretion to deny a request for an extension of time to comply with an order granting late claim relief where there is no prejudice to the State (see Matter of Yackle v State of New York, 21 AD3d 1283 [4th Dept 2005]; Griffin v John Jay Coll., 266 AD2d 16 [1st Dept 1999]). Defendant here does not argue that it suffered any prejudice as a result of claimant serving the claim three days beyond the court-imposed deadline.[FN2]
However, notwithstanding the general availability of relief from court-imposed deadlines, the Court cannot extend the time to file and serve a late claim beyond the expiration of the statute of limitations applicable to a like claim against a citizen of the state under the provisions of CPLR article 2 (see CCA § 10 [6]; Canales, 51 Misc 3d at 651, citing Miles v City Univ. of NY, 126 AD3d 609 [1st Dept 2015], Roberts v City Univ. of NY, 41 AD3d 825 [2d Dept 2007], and Crum & Foster Ins. Co. v State of New York, 25 AD3d 643 [2d Dept 2006]). Thus, the question whether the claim may be deemed timely nunc pro tunc turns on whether the claim was served and filed within the underlying limitations period applicable to wrongful confinement claims under CPLR article 2. The Court concludes that it was.
Claims for wrongful confinement (a species of false imprisonment) are subject to a one-year statute of limitations (see CPLR 215 [3]). Here, the one-year statute of limitations began to run on January 19, 2023, when claimant was released from segregated confinement (see Davis v [*3]State of New York, 89 AD3d 1287, 1287 [3d Dept 2011]). The statute of limitations thus ordinarily would have expired on January 19, 2024. However, as recent appellate precedent has recognized, the statute of limitations is tolled "while a motion seeking leave to file a late claim is pending" pursuant to CPLR 204 (a) (Carey v State of New York, 207 AD3d 1194, 1196 [4th Dept 2022], citing Matter of Stevenson v County of Monroe, 63 NY2d 963, 965 [1984] [applying toll of CPLR 204 (a) in context of motion for permission to file late notice of claim pursuant to General Municipal Law § 50-e] and Giblin v Nassau County Med. Ctr., 61 NY2d 67, 72, 74 [1984] [same]; see Kealos v State of New York, 150 AD3d 1211, 1213 [2d Dept 2017]; see also Martinez v State of New York, UID No. 2019-015-183 n 2 [Ct Cl, Aug. 14, 2019] [Collins, J.]).[FN3]
Thus, by operation of CPLR 204 (a), the underlying statute of limitations here was tolled from the date claimant's motion for permission to file a late claim was made (a date well before expiration of the limitations period) until June 7, 2024, the period during which such motion was pending before the Court. Indeed, without this toll, this Court could not have granted late claim relief when it did. Factoring in the period of the toll, the statute of limitations expired on November 8, 2024. The claim—although untimely with respect to the court-imposed deadline—was therefore filed and served before the expiration of the time to file a like claim under the provisions of CPLR article 2 (see CCA § 10 [6]). As such, "there exists no jurisdictional impediment to extending the court-imposed deadline in this case" (Canales, 51 Misc 3d at 651). Accordingly, it is hereby
ORDERED that defendant's motion to dismiss (M-101358) is DENIED; it is further
ORDERED that Claim No. 142490 filed on August 8, 2024, and served on August 9, 2024, is deemed timely nunc pro tunc; and it is further
ORDERED that the State shall have forty (40) days from the filing date of this decision and order in which to file an Answer to the previously served Claim.
December 18, 2024
Albany, New York
ZAINAB A. CHAUDHRY
Judge of the Court of Claims
Papers Considered:
1. Claim, filed August 8, 2024;
2. Notice of Motion and Affirmation of Assistant Attorney General Michael T. Krenrich in Support of Motion, with Exhibits A & B, filed September 18, 2024;
3. Claimant's Letter in Opposition to Motion, filed September 30, 2024;
4. Claimant's Further Papers in Opposition to Motion, filed October 2, 2024;[FN4]
and
5. Correspondence from the Court to the Parties, dated October 15, 2024.
6. Booker v State of New York, UID No. 2024-062-011 (Ct Cl, filed June 7, 2024) (Chaudhry, J.)

Footnotes

Footnote 1: The caption has been amended sua sponte to reflect the only proper defendant.

Footnote 2: In Yackle and Griffin, the courts concluded that there was no prejudice because the claimants had "partially complied" with the prior late claim order by timely serving the Attorney General, even though the claims had not been timely filed with the Court (Yackle, 21 AD3d at 1283; Griffin, 266 AD2d at 16). Here, both the filing and service of the claim were late. However, defendant's submission does not acknowledge the late filing, the delay in both was extremely minimal, and defendant does not otherwise attempt to demonstrate the existence of any prejudice.

Footnote 3: Because there is no precedent from the Third Department on this question, the Court is bound by the holding of the Fourth and Second Departments (see Oswald v Oswald, 107 AD3d 45, 47 [3d Dept 2013], citing Mountain View Coach Lines, Inc. v Storms, 102 AD2d 663, 664 [2d Dept 1984]).

Footnote 4: Claimant's opposition is styled as a "motion to strike" defendant's motion (Affid in Opp to Mot [denom Affid in Supp of Mot to Strike], at 1). The Court notified the parties that this submission would be accepted only as opposition to defendant's motion, and not docketed as a separate motion.